In the Matter of A. E. BRUGGEMANN & Co., INC., Petitioner, *v.* STATE TAX COMMISSION, Respondent.

Third Department, November 8, 1973.

*Morris A. Kaplan* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, P. J.   This is a proceeding pursuant to article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained deficiency assessments, with minor adjustments, imposed under subdivision 8 of section 210 of the Tax Law.

The underlying facts in this proceeding are not disputed. The petitioner was incorporated under the laws of the State of New York in 1952 and has its principal office in New York City from which it conducts its principal business as a broker and principal on its own behalf in the purchase and sale of petroleum products, which business is conducted entirely within the State of New York.   In 1961 the corporation opened up a car wash operation in Hackensack, New Jersey, which employed five to seven employees under the direct supervision of one of the vice presidents of the corporation, J. C. Bruggemann.   The president of the corporation, A. E. Bruggemann, testified that

he personally reviewed the car wash operation daily. When asked if the corporation kept separate records for the car wash operation, an accountant for the corporation gave a qualified answer in which he stated that there was a general ledger kept which reflected all of the corporation's operations from which taxes were computed, but that there was a separate account for the car wash operation kept to facilitate a continuing evaluation of that operation. He further stated that there were two types of payroll returns, one for corporate employees kept for social security purposes and separate payroll returns for the employees in New Jersey and for those in New York to facilitate compliance with the respective State laws.

In each of the three tax years ending in 1966, 1967, and 1968 the New York operations of the corporation showed substantial net income, while the New Jersey car wash operations showed substantial losses.

The petitioner's New York State franchise tax return for the three years in question reflected the total net income of the corporation, including the losses sustained in the New Jersey car wash venture and allocated only some 66% to business conducted in New York. The fixed tax rate was then applied to the income allocated to New York to determine the tax owed which was paid.

The Department of Taxation and Finance subsequently made deficiency assessments based on its ruling that the income allocable to New York be determined by separate accounting of its New York and New Jersey operations with the result that the New Jersey car wash business was not considered in determining the New York franchise tax. The respondent Tax Commission denied the petitioner's application for a redetermination and affirmed the deficiencies imposed on the petitioner.

In this proceeding the petitioner contends first, that the Tax Commission has no authority to impose the franchise tax on an amount that exceeds " entire net income ", second, that subdivision 3 of section 210 of the Tax Law permits the allocation of entire net income for tax purposes, but does not permit the alteration of the initial computation of entire net income and third, that the New Jersey car wash venture is sufficiently interrelated with the New York business to preclude the determination of taxes by a separate accounting of the activities in each State.

The Tax Commission's position is that subdivision 8 of section 210 of the Tax Law granted it discretion to allocate income for franchise tax purposes by other than the three-factor formula of subdivision 3 of section 210 and that its decision to determine

the income allocable to New York by separate accounting did not exceed that discretion.

It appears from the respondent's brief that it has interpreted *People ex rel. Sheraton Bldgs.* v. *Tax Comm. of State of N. Y.* (15 A D 2d 142, affd. 13 N Y 2d 802) as authority that it has discretion to exclude income accruing to a corporation from business operations located outside the State, which operations are not integrated or merely an extension of the business being carried on in New York State. In our opinion, reliance upon the *Sheraton* case by the respondent is misplaced. The *Sheraton* case decided as a matter of fact that the New York and Massachusetts businesses were unrelated and in no sense a '' unitary '' business and that, under the given circumstance and to avoid hardship and accomplish fairness, the capital gains on the sale of the Boston, Massachusetts office building should not have been included as income. This, of course, was due primarily to the inequity which would follow as the result of such an assessment. It might readily follow that, under different circumstances and to accomplish fairness, a capital gain could and would be subject to the tax in this State. (See Tax Law, § 210, subd. 8.)

We need only to observe in the present circumstance that the net income derived from doing business in the State of New York was well established and that the Tax Commission was justified in using such figures for tax purposes and was not required, as a matter of law, to allow an offset of the losses sustained by the corporation in the operation of its business in the State of New Jersey.

The determination should be confirmed and the petition dismissed, with costs.

GREENBLOTT, COOKE, SWEENEY and REYNOLDS, JJ., concur.

Determination confirmed and petition dismissed, with costs.