*103 Stevens, J.
The Wurlitzer Company (Wurlitzer) is a foreign corporation doing business in New York. In 1957, it formed the Wurlitzer Acceptance Corporation (WAC), a foreign corporation not doing business in New York, whose sole purpose is to provide financing to Wurlitzer by purchasing Wurlitzer’s accounts receivable (security agreements), pursuant to a contract between them. Wurlitzer does all of the work of collecting the accounts and receives a fee therefor from WAC. At the time of the formation of WAC, Wurlitzer contributed capital of two and one-half million dollars in the form of accounts receivable. All the activities of WAC are carried on by employees or officers of Wurlitzer and WAC has no employees to whom it directly pays wages.
The State Tax Commission (Commission) issued notices of franchise tax deficiencies to Wurlitzer and WAC for fiscal years ending March 31, 1965 through March 31, 1967, based upon the failure of Wurlitzer to report net income of both corporations and to combine reports to accurately reflect Wurlitzer’s income subject to the New York franchise tax.
On February 18, 1972, after a full hearing on the application for revision or refund of the franchise tax, the Commission made a final determination in which it upheld the deficiency assessments and, among other things, decided that WAC’s income is wholly generated by intercompany transactions with Wurlitzer through purchasing the security agreements from Wurlitzer and having Wurlitzer perform the collection service. While it observed that WAC “ is in substance merely the finance department of the unitary business conducted by Wurlitzer Company ”, the Commission concluded that the computation of the taxliability of Wurlitzer by including Wurlitzer and WAC in the combined report, properly reflects Wurlitzer’s tax liability for franchise tax purposes. The Commission determined that the tax law and regulations afforded it the necessary authority to require a combined report in order to reflect the proper tax liability, “ either because of: (1) intercompany transactions [as occurred here], or (2) an agreement, understanding or arrangement [between the taxpayers] whereby the activities, business income or capital of the taxpayers are improperly or inaccurately reflected.”
*104 Subdivision 4 of section 211 of the Tax Law, in pertinent part, specifically provides: “ In the discretion of the tax commission, any taxpayer, which owns' or controls either directly or indirectly substantially all the capital stock of one or more other corporations * * * may be required or permitted to make a report on a combined basis covering any such other corporations and setting forth such information as the tax commission may require; provided, however, that no combined report covering any corporation not a taxpayer shall be required unless the tax commission deems such a report necessary, because of inter-company transactions or some agreement, understanding, arrangement or transaction referred to in subdivision five of this section, in order properly to reflect the tax liability under this article.” (Emphasis supplied.)
Article 9-A of the Tax Law, entitled Franchise Tax on - Business Corporations, was added by section 2 of chapter 415 of the Laws of 1944. Since that time the tax imposed on foreign corporations doing business in this State has been measured by the entire net income allocated to New York beginning with the period when the corporation commenced doing business in the State. The Commission’s Rules and Regulations define ‘ ‘ doing business ’ ’ as including all activities which occupy the time and labor of men for profit (20 NYCRR 1.6). A corporation organized for profit and carrying out the purposes of its organization is “ doing business ” within the State (20 NYCRR 1.6).
Where a State statute imposes a franchise tax on corporations doing business within and without the State measured by a percentage of net income derived from business within the State, if the method of allocation is reasonably calculated to assign that portion of the net income reasonably attributable to the business done here, it satisfies the requirements of the Fourteenth Amendment. (Butler Bros. v. McColgan, 315 U. S. 501.) “ One who attacks a formula of apportionment carries a distinct burden of showing by ‘ clear and cogent evidence ’ that it results in extraterritorial values being taxed. ’ ’ (Butler Bros. v. McColgan, supra, p. 507.) In New York, the computation of the corporate franchise tax is on the taxpayer’s “ entire net income ” allocated to New York (Tax Law, § 210, subd. 1). The term “ entire net income ” is defined in Tax Law (§ 208, *105 subd. 9) (cf. People ex rel. Standard Oil Co. v. Law, 237 N. Y. 142).
Subdivision 4 of section 211 of the. Tax Law expressly empowers the Tax Commission to require a combined report because of intercompany transactions, whfere certain conditions are found to exist. The use in subdivision, 4 of the word “ or ” with reference to subdivision 5, under which the Commission, where it appears that a taxpayer’s income within the State is improperly or inaccurately reflected, may, in its discretion, require combined reports or may include fair profits in entire net income, makes it clear that when the Commission acts pursuant to the power conferred by subdivision 4, it is not a condition precedent that the income or capital of the taxpayer be improperly or inaccurately reflected. The statute envisions and covers separate situations.
There is a unity of management and perhaps even of use between WAC and Wurlitzer. The intercompany transactions reflect that Wurlitzer makes all collections for WAC, receiving a fee therefor; that WAC has no separate independent staff of employees to whom it pays wages directly; and, that WAC’s sole assets consist of the cash and security agreements it possesses.
On this record, the Commission could propérly conclude that separate reports would not accurately reflect the taxable income or the taxable liability. Neither in the statute nor the regulations promulgated under it, is there any requirement of ‘ ‘ unfairness ’ ’ in transactions between the affiliated corporations. True, the taxpayer would read this requirement into its interpretation of the statute and the dissent agrees. However, the purpose of article 9-A of the Tax Law of the Commission’s regulations is to permit the imposition of a franchise tax on foreign corporations doing business in the State, measured by the net income allocated to the business done here. The meaning of particular language should not be stressed beyond' its obvious meaning where legislative history and policy do not so dictate. WAC’s income results solely from the activities of Wurlitzer and some of the income of Wurlitzer earned in New York is channeled through WAC, which pays for the security agreements. Requiring a combined report is an accurate reflection of the income which should be subject to taxation. The security agree *106 •ments which are sold to WAG remain within the State for collection or disposition.
The tax measured on the entire net income reasonably attributable to New York State is not inherently arbitrary and its application produces no unreasonable results, nor does such tax impose a burden on interstate commerce. (See Underwood Typewriter Co. v. Chamberlain, 254 U. S. 113.) In one sense Wurlitzer is merely the agent for collection for WAG and it is Wurlitzer’s business which produces the income.
There was substantial evidence to support the determination of respondent Commission and its action should be sustained. As the Appellate Division, with whom we essentially agree save as herein indicated, noted, the income of WAC is derived solely from intercompany transactions with Wurlitzer, and such income must be included to properly reflect the entire net income of Wurlitzer.
Accordingly, the judgment appealed from should be affirmed, with costs.