In the Matter of Fedders Corporation, Petitioner, *v.* State Tax Commission, Respondent.

Third Department, July 18, 1974.

*Weisman, Celler, Spett, Modlin & Wertheimer* (*Herbert R. Berk* and *Patrick J. Murphy* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Robert W. Bush* and *Ruth Kessler Toch* of counsel), for respondent.

COOKE, J.   Petitioner, a New York corporation organized in 1913, manufactures appliances which it sells directly to independent distributors who, in turn, resell them to local retailers.   The retailers frequently require inventory financing in order to carry petitioner's and other manufacturers' products and regularly enter into so-called "floor-planning agreements" with banks or independent finance companies.   In 1959, Fedders Financial Corporation (FFC) was organized as a wholly-owned domestic subsidiary of petitioner and is such a financing institution.

Since FFC's incorporation and continuously until 1969, petitioner and FFC have been filing combined franchise tax reports with respondent's consent.   Permission to do so was first requested in 1959 in a letter from petitioner stating that FFC was formed to handle the financing portion of its business which it had previously handled directly; that all of FFC's transactions were the result of sales by petitioner to its distributors; that the officers of both corporations were the same and their salaries were being paid wholly by petitioner; that FFC was paying no rent for the space it occupied in petitioner's building; that the reason for organizing FFC was to increase the borrowing capacity of the two corporations considered as a unit; and that inequity would result if the two corporations conducting a unitary business were taxed separately.

In 1969, petitioner and FFC filed separate returns but, at the request of the respondent State Tax Commission, a combined report was subsequently filed and the franchise tax paid on that basis.   Thereafter, petitioner filed for a refund on the ground that a separate return should have been accepted.   Following a hearing, the relief sought was denied, the Tax Commission having found that a combined report was required in order to produce a more proper tax result since FFC was, in effect, petitioner's financing department and the two corporations, taken together, constituted a unitary business enterprise whose income consisted of both profits on the sales of appliances and interest generated by the financing of retail sales.

The issues raised in this proceeding are whether the respondent has the statutory authority to require petitioner and FFC to file a combined tax return and, if so, whether that authority was properly exercised under all the circumstances present here.

Pursuant to subdivision 4 of section 211 of the Tax Law, insofar as relevant here, the Tax Commission has the discretion to require or permit a corporation which owns another corporation to file a combined report. In exercising its discretion in a case where the test of ownership is met, as here, the Tax Commission is required to consider various factors including (1) whether the corporations are engaged in the same or related lines of business; (2) whether any of the corporations are in substance merely departments of a unitary business conducted by the entire group; (3) whether the products of any of the corporations are sold to or used by any of the other corporations; (4) whether any of the corporations perform services for, or lend money to, or otherwise finance or assist in the operations of, any of the other corporations; (5) whether there are other substantial intercompany transactions among the constituent corporations (20 NYCRR 5.28 [b]). Thus, in order to decide the question of whether the statutory authority of the Tax Commission was properly exercised, it is necessary to review the facts established at the hearing regarding the relationship of FFC and petitioner in the tax period.

There was evidence at the hearing that FFC's business had changed since 1959. It had moved to entirely separate offices in New Jersey for which it paid its own rent. It had established its own credit and borrowed money without any guarantees from petitioner. FFC hired and fired its own employees, did its own purchasing and set its own financing rates. Its president and employees worked exclusively for it and it made its own policy decisions. It had ceased providing financing for petitioner's distributors and the bulk of its income in 1969 was generated by financing independent retailers' inventories. Most of these retailers dealt in petitioner's products. FFC financially assisted petitioner by purchasing certain distributors' accounts receivable which resulted in an interest income of $560,919 out of its total interest income of $2,203,856 in 1969. FFC made a profit on these transactions. The two corporations' employees participated in the same hospitalization and pension plans although FFC paid its share of the costs. They insured together to secure a lower rate and FFC used petitioner's computers to prepare its payroll, but paid petitioner for all salaries.

It is clear from the foregoing that the two corporations were engaged in related lines of business, petitioner being involved in the manufacturing end of the business and FFC being involved principally in financing retailers' inventories of petitioner's products. Although none of petitioner's products are sold to or used by FFC, petitioner performs services for FFC in the preparation of payroll and FFC lends money to petitioner from which transactions it derives a substantial portion of its income. There are no other substantial intercompany transactions between the two corporations.

On this record, according to the standards set forth in respondent's regulations, requiring a combined report by these two corporations was not an abuse of the discretion vested in the Tax Commission by statute.

The determination should be confirmed, and petition dismissed without costs.

STALEY, JR., J. P. SWEENEY, KANE and REYNOLDS, JJ., concur.

Determination confirmed, and petition dismissed without costs.