In the Matter of MONTAUK IMPROVEMENT, INC., et al., Petitioners, v MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondents.

Third Department, January 15, 1976

*Proskauer, Rose, Goetz & Mendelsohn (Alan S. Rosenberg
and David Silvers of counsel), for petitioners.*

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow and
Ruth Kessler Toch of counsel), for respondents.*

HERLIHY, P. J. Montauk Improvement (hereinafter referred
to as Improvement) is a New York corporation engaged in the
sale and development of land in Montauk, Long Island, New
York. Improvement owns all of the stock of Montauk Country
Club (hereinafter referred to as Country Club), engaged in the
operation of a country club in Montauk. Country Club was
formed for the purpose of attracting people to Montauk, so
that Improvement would be able to sell land to these people.

Petitioners filed combined New York State franchise tax
reports for the fiscal years ended April 30, 1969 and April 30,
1970. On March 15, 1973, petitioners were notified that they
were being denied permission to file combined reports for the
above-mentioned fiscal years. On May 15, 1973, petitioners
were issued notices of deficiency computed on the basis of
separate reports for Improvement and Country Club. On June
12, 1973, petitioners filed petitions for redetermination of
deficiency, and a hearing was held on October 26, 1973. On
September 18, 1974 the respondents affirmed, holding:

"Computation of tax liability on an individual basis is
affirmed. Montauk Improvement, Inc. is a real estate devel-
oper engaged in the sale of lots and homes whereas Montauk
Country Club, Inc. operates a recreational facility which is
open to the general public. The tax liability of these two
corporations is more properly reflected on an individual basis
since the profit or loss of each is primarily due to its own
operations, instead of being due to inter-company transactions.
It is the policy of the Tax Commission not to permit or require
a combined return where taxation on an individual basis
produces a more proper result."

Subdivision 4 of section 211 of the Tax Law provides that
the tax commission, in its discretion, may require or permit
"any taxpayer, which owns or controls either directly or

indirectly substantially all the capital stock of one or more other corporations", to file its tax returns on a combined basis.

The respondent's decision sets forth none of the evidence which establishes a unity between the corporations as to the business operations, but relies entirely upon the factual finding that the "use" of the Country Club facilities is not limited solely to persons who purchase lots or homes from Improvement. The decision as quoted hereinabove recites that the respondent has adopted a "policy" of not permitting a combined return where an individual taxation "produces a more proper result."

If the discretion granted to the respondent by subdivision 4 of section 211 is to simply refuse permission because the arithmetic result of such permission will be a lower tax and to require a consolidation when the arithmetic result will be a larger tax, it is obviously susceptible of imposing a double standard upon a taxpayer dependent solely upon its income results each year and the "discretion" of the respondent. In *Matter of Wurlitzer Co. v State Tax Comm.* (35 NY2d 100), however, the majority opinion relates the discretion of the respondent to requiring a report which is an accurate reflection of the income which should be subjected to taxation. Of course, the *Wurlitzer* case involved an allocation of the income of a foreign corporation to New York sources and that situation does not obtain in this case involving wholly domestic corporations. (Cf. *Matter of Bruggemann & Co. v State Tax Comm.*, 42 AD2d 459.)

The present record demonstrates that the Country Club was brought into existence by Improvement solely for the purpose of creating conditions conducive to the sale of the Montauk properties. The only reasonable conclusion is that the profits anticipated by both corporations are those which will inure solely to Improvement as a matter of land and home sales. There is substantial evidence that the operations of the corporations are integrated as to management and that the Country Club facilities are used in sales efforts. The unity of management and of purpose of those corporations is well established. In *Matter of Fedders Corp. v State Tax Comm.* (45 AD2d 359, 361) the relevant factors as to unity which are guidelines to the exercise of discretion by the respondent's own regulation (20 NYCRR 5.28 [b]) were set forth and considered as against the facts therein. In *Fedders* it was determined that a much lesser unity of purpose and operations

than that present in this case would support a *requirement* by respondent that a combined report be filed in following its "policy" of producing "a more proper tax result" *(Matter of Fedders Corp. v State Tax Comm., supra,* p 360).

The fact that the general public could be members of Country Club without owning property purchased from Improvement furnishes no weight as to the decision in the present case since in the *Fedders* case the subsidiary corporation was dealing with independent retailers without restriction solely to those who purchased the parent company's products. Furthermore, the admission of general members of the public conforms to the sales promotion by bringing people who belong or use the facilities into the physical location of Improvement's real estate development.

Insofar as the regulations of the respondent referred to hereinabove are pertinent, the facts in the present case would require the grant of permission. In view of the policy of the Tax Commission it may be that determinations based on subdivision 4 of section 211 of the Tax Law will be decided on an *ad hoc* basis. In any event, the conclusion that the denial of permission for the years 1969 and 1970 was arbitrary and capricious is inescapable.

While not necessary to our decision, we hold that the Statute of Limitations controls as to the 1969 tax return. The Legislature has determined that three years after a *tax return* is filed is a sufficiently reasonable time in which the Tax Commission is to assess a tax. The assessment in question is without the three years and not within the exceptions of section 1083 of the Tax Law. (See *Guaranty Trust Co. of N. Y. v United States,* 304 US 126, 136.)

The determination should be annulled, with $50 costs, and the matter remitted for proceedings not inconsistent herewith.

SWEENEY, J. (concurring in part and dissenting in part). While I agree with the majority that the assessment of deficiency issued for the fiscal year 1969 was not made within the three years time limitation provided by section 1083 of the Tax Law, I am unable to agree that the assessment for the fiscal year 1970 should be annulled and I, therefore, vote to modify.

By statute, the granting or denying of petitioners' right to file returns on a combined basis is discretionary with the commission. Our review is limited to whether its determina-

tion is supported by substantial evidence and not arbitrary or capricious. *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222.) The record reveals that Improvement was engaged in the sale of land; that Country Club was created to aid Improvement in that purpose by the development and operation of a golf course; that Country Club was open to the general public and provided its own independent service apart from Improvement; that the members of Country Club did not have to be purchasers of Improvement. In my view, the record substantiates the commission's determination that the profit and loss of each corporation was primarily due to its own operation and not due to intercompany transactions. It is not arbitrary or capricious and is supported by substantial evidence. Consequently, the determination should be modified so as to exclude the tax deficiency assessment against petitioners for the fiscal year ended April 30, 1969, and, as so modified, confirmed.

KOREMAN, MAIN and LARKIN, JJ., concur with HERLIHY, P. J.; SWEENEY, J., concurs in part and dissents in part in a separate opinion.

Determination annulled, with $50 costs, and matter remitted for proceedings not inconsistent herewith.