■ In the Matter of ALPHA COMPUTER SERVICE CORP. et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which assessed tax deficiencies against petitioners. Alpha Computer Service Corporation (hereinafter Alpha Computer) is a New York corporation engaged in the sale of data processing services. Alpha Computer owns all of the stock of Alpha Broadcasting Company, Inc. (hereinafter Alpha Broadcasting), a Pennsylvania corporation engaged in operating a radio station in Williamsport, Pennsylvania, and Salamanca Broadcasting Company, Inc. (hereinafter Salamanca Broadcasting), a New York corporation engaged in operating a radio station in Salamanca, New York. Respondent State Tax Commission has determined that combined franchise tax reports for the years in question were improper and petitioners Alpha Computer, Alpha Broadcasting and Salamanca Broadcasting have been issued notices of deficiency computed on the basis of separate reports therefor. It is uncontradicted that Alpha Computer met the stock ownership test of subdivision 4 of section 211 of the Tax Law. It is also unrefuted that Alpha Computer performs almost 100% of the services, other than direct personnel services, needed to operate the two broadcasting corporations. From a reading of respondent's decision it is clear that petitioners were determined to be engaged in unrelated businesses based solely on the fact that the total gross receipts from Alpha Computer were received from other than the two broadcasting subsidiaries. The record demonstrates, however, that intercompany services were not and could not be billed or audited due to interdependency of the operations of the corporations. Petitioners allege that intercompany transactions exceeded sales by a ratio of three to one. We can find no distinguishing factor between the case at bar and *Matter of Montauk Improvement v Procaccino* (50 AD2d 414). In *Montauk,* as in the instant case, respondent's decision was based on a single factual finding that one of the corporations did business with outsiders. We held in *Montauk* that the fact that one of the corporations had dealings with outsiders furnished "no weight" in the light of *Matter of Fedders Corp. v State Tax Comm.* (45 AD2d 359). *(Matter of Montauk Improvement v Procaccino,*

*supra,* p 417.) Consequently, we conclude that the denial to petitioners of permission to file combined reports for the year in question was arbitrary and capricious. Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith. Koreman, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.