■ In the Matter of SAPOLIN PAINTS INC., et al., Petitioners, v JAMES H. TULLY et al., Constituting the State Tax Commission, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which assessed a tax deficiency against petitioner Sapolin Paints Inc. Sapolin Paints Inc. is a New York corporation engaged in the manufacture and sale of paints and related products which are sold to wholesale distributors, including two wholly owned subsidiaries, and directly to retailers. Hydraposit Applications, Inc., after a period of operation as a division of Sapolin Paints Inc., was incorporated in New Jersey on January 15, 1970 as a wholly owned subsidiary of Sapolin Paints Inc. Hydraposit leases specialized spray painting equipment to franchises, such as painting contractors, hardware stores and paint stores. The equipment was specifically developed by Sapolin Paints Inc. as a means of increasing sales of Sapolin paint. Hydraposit's gross receipts for

1970 consisted primarily of rents and royalties received from franchises for the use of the equipment. Without prior permission of respondent, Sapolin and Hydraposit (petitioners) filed combined franchise tax returns for the year 1970. Petitioners were subsequently notified that inclusion of the operations of Hydraposit in Sapolin's return (the inclusion of the operation of two other subsidiaries of Sapolin is not disputed) would be disallowed and a statement of audit adjustment and notice of deficiency was issued against Sapolin. After a hearing, a final determination was issued denying petitioners' application for a redetermination primarily upon the ground that Hydraposit's "net loss for [1970] was primarily due to its own operations and not to inter-company transactions. It is the policy of the Tax Commission not to permit or require a combined return where taxation on an individual basis produces a more proper result." Subdivision 4 of section 211 of the Tax Law provides in effect that the tax commission shall have discretion to require or permit corporations to make a report on a combined basis where one such corporation is substantially owned, directly or indirectly, by the other. Under applicable regulations (former 20 NYCRR 5.28 [b]) the tax commission is to consider: (1) whether the corporations are engaged in the same or related lines of business; (2) whether any of the corporations are in substance merely departments of a unitary business; (3) whether the products of one are sold to or used by the other; (4) whether any of the corporations perform financial or other services or lend money to or assist in the operations of the other; and (5) whether there are substantial intercompany transactions between them. While the statute does give the tax commission a certain degree of discretion, it is clear that that discretion cannot be abused, and if there is no consistency in the discernible policy of the tax commission as to the factual circumstances in which combined reports are permitted or required, the rule becomes one of caprice (see *Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 217, affd 32 NY2d 796, cert den 414 US 1004). As the issue is framed by respondent, both in the answering papers and in the brief on the review proceeding, the principal consideration that is deemed to be controlling in this case is whether there are substantial intercompany transactions. In the present case the following factual allegations, which respondent has not found to be untrue, demonstrate that Hydraposit spray painting equipment was developed by Sapolin to promote sales of Sapolin paints; that in fact Hydraposit for a time operated as a division of Sapolin until another corporate entity was created to limit potential liability; that few paints other than Sapolin's, because of their chemical makeup, can be utilized with Hydraposit equipment; that a five-year guarantee which was available to users of the Hydraposit system was offered only where Sapolin paint was used; that Hydraposit advertising emphasized Sapolin paints; that Hydraposit had only one full-time officer, the remainder being officers of Sapolin, who devoted part of their time to Hydraposit affairs for which an intercompany charge was made; that Hydraposit has no sales force of its own in that Sapolin did all of the selling of the spray painting system; and, that Hydraposit's location is a warehouse at which Sapolin paints are stored. In addition, as petitioners concede, there are no intercompany sales of paint between Sapolin and Hydraposit. In *Matter of Fedders Corp. v State Tax Comm.* (45 AD2d 359) the parent company manufactured and sold appliances to independent distributors, who then sold the goods to local retailers. The subsidiary corporation was engaged primarily in financing retailers' inventories of the parent corporation's products. The subsidiary had a full staff of employees who worked exclusively on its affairs, and its business activities

were not limited to retailers dealing in the parent's product, just as Hydraposit, in the present case, is not limited in use to Sapolin's paint (which as explained at the hearing, could not be permitted lest Sapolin be found to be in restraint of trade). An examination of the opinion of this court in *Fedders (supra)* reveals, if anything, that while the parent and subsidiary in that case clearly were engaged in a unitary business, the subsidiary's existence and operations were less dependent upon and interrelated with those of its parent than Hydraposit's relationship with Sapolin. Nevertheless, we affirmed the determination of the respondent to require a combined report. In *Matter of Montauk Improvement v Procaccino* (50 AD2d 414) we made clear the discretion granted to respondent by subdivision 4 of section 211 does not permit it to disallow filing of a combined return merely because that will result in a lower tax. The conclusion, as we there explained it, in the case of a parent corporation engaged in land development which sought to file a combined return with its wholly owned subsidiary which operated a country club formed for the purpose of attracting people to the area, was whether "the profits anticipated by both corporations are those which will inure solely to [the parent] as a matter of * * * sales [of the parent's product]" (p 416). The fact that the subsidiary engages in business without restriction solely to those independent businesses who purchased the paint company's products, is of little weight *(Matter of Montauk Improvement v Procaccino, supra,* p 417; see, also, *Matter of Alpha Computer Serv. Corp. v State Tax Comm.,* 53 AD2d 973). We find no basis for distinguishing this case, factually or conceptually from *Fedders* or *Montauk.* The determination of the tax commission was an abuse of discretion and must be overturned. Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.