■ In the Matter of WESTINGHOUSE ELECTRIC CORPORATION, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the Tax Commission of the State of New York, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained corporate franchise tax assessments imposed pursuant to article 9-A of the Tax Law. The principal issue presented is whether section 208 (subd 9, par [i], cl [B]) of the Tax Law is unconstitutional insofar as it purports to tax the accumulated income of a domestic international sales corporation (DISC), an entity which is the beneficiary of certain tax advantages under the Internal Revenue Code. A related issue concerns the obligation of a corporation doing business in New York, which is a shareholder of a DISC, when calculating its own income for State franchise tax purposes, to include income deemed to have been distributed to it by the DISC. The facts have been stipulated. Petitioner, Westinghouse Electric Corporation (Westinghouse), a Pennsylvania corporation, does business in New York. It owns all of the stock of Westinghouse Electric Export Corporation (Westinghouse DISC), a Delaware corporation, which acted as a commission agent for Westinghouse and affiliated companies, and which in 1972 and 1973 had qualified for DISC status under the Internal Revenue Code (US Code, tit 26, § 991 et seq.). Westinghouse DISC's business income consisted entirely of commissions derived from export sales of products and related services made on behalf of Westinghouse and affiliated companies. Throughout this period it did not engage in any business activities in New York. Under the provisions of the Internal Revenue Code, Westinghouse DISC itself was exempt from Federal income tax liability. However, portion of its earnings and profits was "deemed distributed" to its shareholder (Westinghouse), whether or not it was actually distributed, and was directly taxable to the latter as a dividend (US Code, tit 26, § 995, subd [b]). Federal taxation of the remainder of Westinghouse DISC's income, characterized as "accumulated income", was deferred. When Westinghouse filed its New York corporation franchise tax returns for these years, it included the deemed distributions from Westinghouse DISC in its net income, but not any portion of the DISC's accumulated income. The State Department of Taxation and Finance charged that deficiencies existed in the amount of franchise tax due from Westinghouse. Specifically, the department, relying on section 208 (subd 9, par [i], cl [B]) of the Tax Law, maintained that in arriving at its franchise tax Westinghouse should have combined all of Westinghouse DISC's income and expenses with its own, other than transactions between the two companies. Except for correcting an arithmetic error, respondents rejected Westinghouse's petition challenging the deficiencies and this proceeding followed. We determine that section 208 (subd 9, par [i], cl [B]) of the Tax Law, to the extent it requires Westinghouse DISC's accumulated income be added to petitioner's income, is unconstitutional, for it settles an impermissible burden on foreign commerce (US Const, art I, § 8, cl 3). Enacted in 1971, sections 991 through 997 of the Internal Revenue Code created DISCs, a new class of corporation. These corporations, receiving special tax treatment, derived substantially all of their

income from export sales of properties manufactured in the United States, including commissions attributable to such sales. The essential purpose behind enactment of the DISC provisions was to encourage exportation to foreign countries of American made products so as to alleviate a burgeoning deficit in the United States balance of payments *(Caterpillar Tractor Co. v United States,* 589 F2d 1040). A correlative concern, expressed by the Senate Finance Committee, was to remove a competitive disadvantage experienced by domestic corporations engaged in export activities (Sen. Rep. No. 92-437, 92nd Cong, 1st Sess. 90 [1971] reprinted in US Code Cong & Admin News, 1971, vol 2, pp 1918, 1996). The DISC provisions of the code being unmistakably aimed at improving foreign commerce, any State impediment hindering that congressional intent is not constitutionally allowable. In the calculation of the New York State franchise tax, section 208 (subd 9, par [i], cl [B]) of the Tax Law directs that a DISC's shareholder's attributable share of each receipt and expense of the DISC be added to the shareholder's income. Since that requires Westinghouse DISC's accumulated income be added to Westinghouse's entire net income, to be taxed thereon, it in effect imposes a tax on Westinghouse DISC's accumulated income, contrary to the congressionally established policy that such income currently be treated as tax exempt. By so computing petitioner's franchise tax, respondents encumber Congress' purpose in creating DISCs, for they diminish the tax advantage Congress bestowed on United States corporations engaged in foreign export trade. Although the Code's DISC provisions do not explicitly prohibit states from directly or indirectly taxing accumulated income, given their purpose it would be incongruous to suggest such a prohibition was not intended. As the State's statute infringes on Congress' power to regulate commerce, it necessarily must fall (see *Boston Stock Exch. v State Tax Comm.,* 429 US 318; *McGoldrick v Gulf Oil Corp.,* 309 US 414). Petitioner also maintains that the inclusion of Westinghouse DISC's deemed distributions in Westinghouse's income is invalid on equal protection and due process grounds. Neither claim is convincing. With regard to its equal protection argument, Westinghouse urges that since dividends from subsidiaries, in general, are not subject to New York franchise tax, respondents have discriminated against it by requiring petitioner to include in its net income deemed distributions from Westinghouse DISC. There is nothing in the record to indicate that petitioner's tax liability resulting from a combined report, which in view of the extensive intercompany transactions could have been required here if Westinghouse DISC had been considered merely as a subsidiary (Tax Law, § 211, subd 4; *Matter of Wurlitzer Co. v State Tax Comm.,* 35 NY2d 100), would be less than that which was in fact imposed. As for the due process argument, Westinghouse maintains Westinghouse DISC neither engaged in business in New York nor participated in any other activities sufficient to justify a jurisdictional nexus and that, therefore, inclusion of the DISC's deemed distributions was improper. But where, as here, the activities of the parent and subsidiary are so interrelated as to constitute a single unitary business, separate geographical accounting is not required for purposes of State taxation and a reasonable apportionment formula fairly representing the amount of business apportioned to the State may be utilized *(Mobil Oil Corp. v Commissioner of Taxes,* 445 US 425). Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Main, Mikoll and Yesawich, Jr., JJ., concur.

Mahoney, P.J., and Herlihy, J., dissent and vote to confirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). We join in the majority opinion as to the conclusion that the tax at issue herein does not violate the requirements of due process or equal protection. However, while petitioner's view of the Federal treatment of income derived from domestic corporations

engaged in export activities as regulating foreign commerce has some merit, the fact remains that the Internal Revenue Code does not exempt the income from taxation. The tax imposed herein is based upon the taxpayer's relationship to the wholly owned subsidiary and is unrelated to the subsidiary's function of overseas sales — foreign commerce. Petitioner has failed to demonstrate any tax imposed on foreign commerce or any implicit prohibition on the power of the State to allocate net income to the shareholder as a portion of income subject to the New York State franchise tax. Upon the present record, the inference that the Internal Revenue Code is an exclusive regulation of foreign commerce is speculative and does not suffice to overcome the presumption of the constitutionality of the New York statute. The determination of the Tax Commission should be confirmed, and the petition dismissed.