■ In the Matter of AMERICAN INTERNATIONAL GROUP, INC., et al., Petitioners, v JAMES H. TULLY, as President of the State Tax Commission of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioners permission to file combined franchise tax reports under article 9-A of the Tax Law. Petitioner American International Group, Inc. (AIG) is a holding company conducting its insurance and related businesses through the operation of some 15 insurance company

subsidiaries and some 13 wholly owned noninsurance writing subsidiaries. Petitioner American International Credit Corporation (AICCO) is one of these noninsurance writing subsidiaries and is engaged in insurance premium financing. In the present proceeding, we are concerned with a determination of the State Tax Commission which denied petitioners permission to file combined tax reports under article 9-A of the Tax Law for the tax years 1973 through 1975. Subdivision 4 of section 211 of the Tax Law authorizes the Tax Commission to require or permit any corporation subject to tax under article 9-A, which owns or controls substantially all of the capital stock of one or more other corporations, to file combined franchise tax reports. The relevant regulation required respondent to consider various factors including (1) whether the corporations are engaged in the same or related lines of business; (2) whether any of the corporations are in substance merely departments of a unitary business conducted by the entire group; (3) whether the products of any of the corporations are sold to or used by the other corporations; (4) whether any of the corporations perform services for, or lend money to, or otherwise finance or assist in the operations of any of the other corporations; and (5) whether there are other substantial intercompany transactions among the constituent corporations (former 20 NYCRR 5.28 [b]). Thus, to determine whether the Tax Commission abused its discretion in denying petitioners permission to file combined franchise tax reports, a review of the relationship between AIG and AICCO is necessary. In 1973, 90% of the premiums financed by AICCO were to AIG insurance writing subsidiaries. In 1974, this percentage was 39% and in 1975, it was 29%. AIG guaranteed the loans to AICCO to permit it to finance insurance premiums. AICCO was required to clear any large loans through its loan committee which included officers of AIG. The accounting standards, policies and procedures of AICCO were established by AIG. The president of AIG determined the salaries of the top officers of AICCO, approved the nominees for the board of directors of AICCO as well as its officers, and cleared all agendas for meetings of the board of directors of AICCO. AIG also administered all personnel functions for AICCO; provided AICCO with a uniform benefits plan, including a pension plan and medical and dental services; and provided AICCO with mail and telephone services, filing and typing services, travel arrangements, and legal services. The decision of the Tax Commission was based on the ground that although certain premiums financed by AICCO related to policies written by AIG subsidiaries, those subsidiaries could not be encompassed in the combined returns because they were not subject to tax under article 9-A of the Tax Law. We are of the view that the rationale of the Tax Commission was erroneous and constituted an abuse of discretion. While AICCO did not finance the purchase of any products of AIG due to the fact that AIG sold no products, it did finance the purchase of a product, insurance policies, sold by AIG subsidiaries and acted as a department of a unitary business conducted by the entire group with substantial intercompany transactions among the corporations. AIG obviously benefited from the sale of insurance by its subsidiaries even if the subsidiaries were not subject to taxation under article 9-A of the Tax Law. Consequently, the Tax Commission improperly denied permission to petitioners to file combined franchise tax reports on the sole basis that certain premiums financed by AICCO related to policies written by AIG subsidiaries not subject to taxation under article 9-A of the Tax Law (cf. *Matter of Fedders Corp. v State Tax Comm.*, 45 AD2d 359). Considering the record in its entirety in light of the criteria set forth in former 20 NYCRR 5.28 (b), we are of the opinion that the Tax Commission abused its discretion in denying petitioners permission to file combined franchise tax reports for the tax years 1973 through 1975. The determination, therefore,

must be annulled. Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.