▮ In the Matter of COLECO INDUSTRIES, INC., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner permission to file combined franchise tax returns with one of its subsidiaries. Respondent State Tax Commission (commission) made the following pertinent findings: Petitioner Coleco Industries, Inc. (Coleco), is a Connecticut corporation engaged in the manufacture and sale of recreational products. In 1969, it created Coleco North Corporation (Coleco North) as a wholly owned subsidiary. During 1970 and 1971, Coleco North bought swimming pools and related products from Coleco and sold them to Coleco Canada, a wholly owned Canadian subsidiary. With the approval of the commission, Coleco and Coleco North filed combined New York franchise tax returns for 1970 and 1971. Coleco North was not used for any corporate activities during 1972. In 1972, Coleco purchased Alouette Snowmobiles (Alouette) and established it as a wholly owned subsidiary of Coleco Canada. During the same year, Coleco bought Alouette's snowmobiles and in turn sold them to various independent United States distributors, including retail distributors in New York State. In 1973, however, for business and tax reasons unrelated to any New York State tax liability, Coleco transferred its entire snowmobile business in the United States to Coleco North. In 1973 and 1974, the taxable years in question, Coleco North conducted Coleco's snowmobile distribution operations in essentially the same manner as the parent corporation had done in 1972. Coleco North had no separate employees or operating assets. Its officers and directors were the same as those of Coleco. The parent corporation provided it with legal, accounting and planning services and insurance. On the

basis of the foregoing facts found by the commission, its denial of permission for Coleco to file a combined tax return with Coleco North, its wholly owned subsidiary, was arbitrary and capricious. Subdivision 4 of section 211 of the Tax Law authorizes the commission to require or permit a corporation to file combined franchise tax reports with one or more other corporations whose capital stock it owns or substantially controls. The commission purported to make its determination by applying the five factors set forth in the then applicable regulations (former 20 NYCRR 5.28 [b]), namely: "(1) whether the corporations are engaged in the same or related lines of business; (2) whether any of the corporations are in substance merely departments of a unitary business conducted by the entire group; (3) whether the products of any of the corporations are sold to or used by any of the other corporations; (4) whether any of the corporations perform services for, or lend money to, or otherwise finance or assist in the operations of any of the other corporations; and (5) whether there are substantial intercompany transactions among the constituent corporations." The commission found critically significant in denying Coleco the right to combine its operations with Coleco North for franchise tax purposes that there were no direct sales of products between the two corporations (see factor [3], *supra*) nor any other substantial intercompany transactions directly between them (factor [5], *supra*), since all transactions were channeled through Coleco's wholly owned Canadian sub-subsidiary, Alouette. The commission thus based its decision on the formalistic distinction that the transactions occurred between two wholly controlled subsidiaries of the parent corporation rather than between the parent and one of such subsidiaries. In our view, the commission thus ignored the underlying purpose behind the combined reporting section (Tax Law, § 211, subd 4), and acted inconsistently with our previous holdings in *Matter of American Int. Group v Tully* (89 AD2d 687) and *Matter of Fedders Corp. v State Tax Comm.* (45 AD2d 359). In *Fedders,* we upheld the commission's determination to require the filing of a combined return despite the presence of only the same three factors set forth in the regulations which are present here. Just as in the instant case, in *Fedders* there was no sale of products between the two related corporations nor substantial intercompany transactions, as set forth in factors (3) and (5) of the regulations, apart from intercompany loans, as set forth in factor (4). In *American Int. Group* we held that combined reporting should be permitted despite the absence of any intercompany sale of products and transactions between the parent and subsidiary corporations since, just as here, all transactions took place among subsidiary corporations. The teaching of these cases is that the presence or absence of no single factor is decisive in determining whether combined reporting is mandatory. Ultimately, the question is whether, under all of the circumstances of the intercompany relationship, combined reporting fulfills the statutory purpose of avoiding distortion of and more realistically portraying true income (see, also, *Matter of Wurlitzer Co. v State Tax Comm.,* 42 AD2d 247, 250, affd 35 NY2d 100). The facts as found by the commission establish that Coleco North was nothing more than a corporate shell for the identical business operations conducted directly by Coleco during the year immediately preceding the taxable years under review. If anything, there was closer integration of the operations of Coleco and Coleco North than was present in *Fedders* or *American Int. Group*. The commission also argues on appeal that combined reporting of the business operations of Coleco and Coleco North should not be allowed because the earnings of its Canadian subsidiary, Alouette, would not be included in the joint return. This is similarly unavailing. Such a factor is not among those set forth in the applicable regulation, and was equally present in *American Int. Group*. Moreover, this was not mentioned

in the commission's decision as a reason for its determination, and therefore may not be the basis for confirmance in this proceeding (see *Matter of Montauk Improvement v Proccacino,* 41 NY2d 913). For all of the foregoing reasons, the commission abused its discretion in denying petitioner permission to file combined franchise tax returns for the tax years 1973 and 1974. The determination, therefore, must be annulled. Petition granted, without costs, determination annulled, and matter remitted to respondent for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.