OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, with costs, and the determination of the New York State Tax Commission reinstated.
We agree, for the reasons stated in the dissenting memorandum of Justice Paul A. Yesawich, Jr., at the Appellate Division, that substantial evidence supports the determination of the State Tax Commission to require petitioner to file its franchise tax return on a combined basis with its parent corporation and other subsidiaries of the parent corporation. In order to accurately reflect tax liability, corporate taxpayers subject to the New York State franchise tax may be required, in the discretion of the State Tax Commission, to file combined reports with other corporations, irrespective of whether such corporations are doing business in this State, where the parent owns or controls substantially all the capital stock of *620 petitioner (see, 20 NYCRR 6-2.2 [a]), and the corporations are, in substance, part of a unitary business conducted by the entire group of corporations (see, Tax Law § 211 [4]; Matter of Wurlitzer Co. v State Tax Commn., 35 NY2d 100; Matter of Coleco Indus. v State Tax Commn., 92 AD2d 1008, 1009, affd 59 NY2d 994; 20 NYCRR 6-2.5 [a]). Nevertheless, as we made clear in Matter of Wurlitzer Co. v State Tax Commn. (supra, at p 105), "it is not a condition precedent that the income or capital of the taxpayer be improperly or inaccurately reflected” before the Commission may exercise that discretion and require combined reports because of intercompany transactions. In point of fact, many of the same arguments advanced by the dissent here were made by the dissenters in Wurlitzer and rejected by the majority. Our construction of the statute in Wurlitzer constitutes binding precedent on all members of the court (Foss v City of Rochester, 66 NY2d 872, 873; People v Hobson, 39 NY2d 479, 489-490).
In any event, the State Tax Commission here expressly found that "a proper reflection of * * * New York franchise tax liability is impossible without combination.” This conclusion is plainly rational (see, 20 NYCRR 6-2.3 [c]). Petitioner and its related corporations have substantial intercompany transactions, which demonstrate that they have a symbiotic relationship to each other and that petitioner is a vital link in the over-all enterprise. Moreover, since its inception, petitioner has exclusively solicited sales for Campbell’s Soup in 34 States.
Finally, it was incumbent upon petitioner to establish that the allocation formula utilized by the Commission does not properly reflect the business it transacts in New York (Matter of Eastman Kodak Co. v State Tax Commn., 33 AD2d 298, 303, affd 30 NY2d 558). That burden has not been met here.