Kaye, J.
(dissenting). For more than 30 years, Campbell Sales Company (Sales), a New York taxpayer (see, Tax Law § 208 [2]; § 209 [1]), had paid State franchise tax based on its income. Its parent, Campbell Soup (Soup), had not done business here and was not subject to the tax. Now, with no change in Sales’ business or its relations with its parent, Sales is compelled to file a combined report with Soup and its subsidiaries, because they are part of a unitary business, thereby for the first time subjecting the income of Soup and its subsidiaries to New York State franchise tax.
Pursuant to Tax Law § 211 (4) the State Tax Commission *621 may require a New York taxpayer that owns or is owned by another corporation to report income on a combined basis, "provided * * * that no combined report * * * shall be required unless the tax commission deems such a report necessary, because of inter-company transactions * * * in order properly to reflect the tax liability under this article.” Because the Tax Commission’s position — now reinforced by the majority’s incorrect assumption that a taxpayer may be forced to file a combined report simply because it is "part of a unitary business conducted by the entire group of corporations” (at p 620) — reads out of the statute the requirement that a combined report must be necessary "in order properly to reflect the tax liability under this article”, I respectfully dissent.
The Tax Commission made no finding that, because of intercompany transactions, a combined report was necessary properly to reflect the tax liability of Sales.* To the contrary, the Commission apparently believed that it was not required to make such a finding and that it could require affiliated corporations to file a combined report on the basis of two other factors: "(1) whether the corporations are in substance part of a unitary business conducted by the entire group, and (2) whether there are substantial intercorporate transactions among the corporations.” (See, Conclusions of Law of Tax Commission.) Thus, the issue is not — as the majority states— whether there was substantial evidence, or could have been a rational conclusion, that combined reporting was necessary to correctly portray Sales’ tax liability under article 9-A of the Tax Law. The agency did not reach its decision on this basis and our review is confined to the agency’s basis for its determination (see, Matter of Montauk Improvement v Proccacino, 41 NY2d 913; Securities & Exch. Commn. v Chenery Corp., 332 US 194, 196). The issue is whether a taxpayer can be compelled to file a combined report simply because it is part of a unitary business, or whether — as the statute says — the Com *622 mission first must find that, because of intercompany transactions, a combined report is necessary in order properly to reflect tax liability.
The Tax Commission’s reasoning permits the Commission to order affiliated corporations to file a combined report whenever they engage in activities that "are related to the activities of the other corporations in the group” (20 NYCRR 6-2.2 [b]). The second requirement, that there be "substantial inter-corporate transactions”, adds nothing of substance, for affiliated corporations engaging in a "unitary business” will, almost by definition, have "substantial intercorporate transactions” (see, 20 NYCRR 6-2.3 [c]). The Appellate Division majority was therefore correct in concluding that the Commission’s "reasoning would require a combined report in every instance in which a unitary relationship existed.” (Ill AD2d 995, 997.)
The "unitary business” concept essentially reflects a constitutional limitation on a State’s right to tax income arising out of interstate activities — even on a proportional basis — unless there is a minimal connection or nexus between the interstate activities and the taxing State. Thus, a State may tax a purported "unitary business” if at least a portion of it is conducted within the State, and if the business is in fact "unitary” in the constitutional sense. Chief among the factors relevant to the latter question, are requirements that there be some uniting bond of ownership or control and that between in-State and out-of-State activities "there be some sharing or exchange of value not capable of precise identification or measurement — beyond the mere flow of funds arising out of a passive investment or a distinct business operation — which renders formula apportionment a reasonable method of taxation” (Container Corp. v Franchise Tax Bd., 463 US 159, 166). Thus, the Commission’s approach may well be constitutional. But New York by statute has chosen not to adopt a unitary business test (cf. Container Corp. v Franchise Tax Bd., 463 US 159, 167-168, supra). Our Tax Law provides on its face that the Commission may not require a combined report unless necessary "in order properly to reflect the tax liability under this article”, and this statutory threshold has not been met— indeed it was not even recognized — in the case at bar.
Matter of Wurlitzer Co. v State Tax Commn. (35 NY2d 100) is markedly different. There, the court upheld the Commission’s determination to require the taxpayer, Wurlitzer, to file a combined report including the net income of its subsidiary, Wurlitzer Acceptance (WAC). But WAC was a shell. After *623 receiving $2.5 million in capital from Wurlitzer in the form of accounts receivable, WAC went into the business of buying accounts receivable from Wurlitzer and collecting them. WAC had no employees. It paid Wurlitzer a "fee” and Wurlitzer employees performed the collection tasks, purportedly on behalf of WAC.
Here, by contrast, Sales acted as a sales representative or food broker for Soup’s products; Soup also retained brokers elsewhere to render the same service. While wholly owned by Soup, Sales operated autonomously, with its own employees— more than 1,000 in number — its own payroll, bank accounts, facilities, and a recognized business from which it derived income and paid expenses. It is uncontroverted that Soup paid Sales percentage commissions that were at least as high as— and likely higher than — commissions paid to other food brokers. Thus, Sales’ own taxable income was at least as great as that of an independent food broker would have been.
As the Appellate Division noted in Wurlitzer: "The key finding made by the commission, which is dispositive of the case, is that WAC had no separate corporate autonomy and was, in reality, merely the finance department of a unitary business, Wurlitzer” (42 AD2d 247, 250). Therefore, "the Commission concluded that the computation of the liability of Wurlitzer by including Wurlitzer and WAC in the combined report, properly reflects Wurlitzer’s tax liability for franchise tax purposes” (35 NY2d, at p 103), and we agreed that the "Commission could properly conclude that separate reports would not accurately reflect the taxable income or the taxable liability” (id., at p 105). The court in Wurlitzer, having pointedly set out the facts indicating that WAC had no autonomous existence and having reached its conclusion "[o]n this record” (id.), cannot be said to have held as a matter of binding precedent that the Tax Law no longer requires inaccuracy by virtue of the intercorporate transactions as a basis for imposing combined reporting (see, People v Bethea, 67 NY2d 364, 368, n). "[I]t is well settled that '[t]he language of any opinion must be confined to the facts before the court’ ” (People v Anderson, 66 NY2d 529, 535, quoting Dougherty v Equitable Life Assur. Socy., 266 NY 71, 88).
Because the Commission failed to apply the correct standard, I would affirm the judgment.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur in memorandum; Judge Kaye dissents and votes to affirm in an opinion.
*624 Judgment reversed, etc.

 The majority suggests that the Commission made a specific factual finding that in this case a combined report was necessary properly to reflect tax liability. Quoting from the Commission’s decision, the majority claims that the Commission "here expressly found that 'a proper reflection of * * * New York franchise tax liability is impossible without combination.’ ” The full quotation, however, reveals that the Commission was taking the position that a factual finding was unnecessary because unitary businesses must always be combined for tax purposes: "Where the businesses of corporations are so unified and interassociated (having due regard for their separate corporate existences), a proper reflection of their New York franchise tax liability is impossible without combination.” Our Tax Law requires more.