GREENWICH MILLS COMPANY, Respondent, v STATE TAX COMMISSION et al., Appellants.

Third Department, October 30, 1986

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Francis V. Dow* and *Peter J. Dooley* of counsel), for appellants.

*Healy & Fusfeld (David G. Fusfeld* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, J.

Petitioner, a processor and wholesaler of coffee, timely filed separate corporation franchise tax returns for itself and each of three wholly owned subsidiaries for the years 1977, 1978 and 1979, and paid the tax shown on each report. On September 11, 1981, following a field audit, respondent State Tax Commission (hereinafter respondent) issued notices of deficiency for additional franchise taxes due each year plus interest on the basis that petitioner should have filed combined reports with its wholly owned subsidiaries. Prior to this determination, petitioner did not request permission to file combined franchise tax reports, nor did respondent require combined filings *(see,* Tax Law § 211 [4]). Petitioner did not contest the assessment of additional taxes due and timely paid same, but filed a petition for redetermination of the deficiencies contending the imposition of interest (totaling $20,826.80) was improper. Respondent denied the petition, holding petitioner should have recognized the need for and requested permission to file combined reports not later than 30 days after the close of each taxable year (20 NYCRR 6-2.4 [a]) and that interest from the original due date for each filing was clearly proper. Special Term granted the petition and annulled so much of respondent's determination as charged petitioner with retroactive interest. This appeal by respondent ensued.

We reverse. At the outset, we emphasize that petitioner only controverts the retroactive interest charged on the combined filings. The focus of petitioner's argument is that it was precluded from filing on a combined basis until 1981, when respondent exercised its option to require combined returns. Since the taxes due on the separate returns were paid up to this point, petitioner maintains that no deficiency existed and thus, interest should be computed only from the date of recomputation in 1981. In our view, petitioner has miscon-

strued the filing requirements of Tax Law § 211 (4).* While petitioner correctly asserts that the ultimate determination to allow a combined filing rests with respondent, the impetus for such filing is twofold: the taxpayer will either be required or permitted to file on a combined basis. The statutory terminology utilized clearly anticipates that under appropriate circumstances, a taxpayer bears the burden of requesting permission to file a combined report. The very purpose of the combined reporting provision is to ensure an accurate portrayal of the income of closely related businesses *(Matter of Coleco Indus. v State Tax Commn.,* 92 AD2d 1008, 1009, *affd* 59 NY2d 994). Thus, when filing on a separate basis would serve to distort the activities, business, income or capital of a taxpayer (20 NYCRR 6-2.3 [a]), it is incumbent on the taxpayer to request permission to submit combined reports. Moreover, such request should be made within 30 days after the close of each taxable year (20 NYCRR 6-2.4 [a]). As observed by respondent, petitioner was in the best position to determine whether combined or separate filing would most accurately reflect the nature of its business activity. It follows that petitioner was not precluded by law from filing on a combined basis until respondent authorized such filing in 1981. Since petitioner acknowledges that the combined filings accurately reflect its additional tax liability for the period in question, respondent properly charged interest from the original due date for each filing *(see,* Tax Law § 1084 [a]). We take note that Special Term's reference to Tax Law § 1084 (h) is inappropriate since the provision pertains to interest assessed on additions to tax and penalties prescribed in Tax Law § 1085 and does not apply here.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, and petition dismissed.

---

* The provision reads, in pertinent part, as follows: "In the discretion of the tax commission, any taxpayer, which owns or controls either directly or indirectly substantially all the capital stock of one or more other corporations, or substantially all the capital stock of which is owned or controlled either directly or indirectly by one or more other corporations or by interests which own or control either directly or indirectly substantially all the capital stock of one or more other corporations, may be *required or permitted* to make a report on a combined basis covering any such other corporations and setting forth such information as the tax commission may require" (Tax Law § 211 [4]; emphasis supplied).