■ In the Matter of FUEL BOSS, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Casey, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a corporate franchise tax assessment under Tax Law article 9-A.

For three consecutive fiscal years beginning in 1979, petitioner filed combined franchise tax reports for itself and its two subsidiaries. Tax Law § 211 (4) provides that "[i]n the discretion of the tax commission", combined reports may be permitted or required. Pursuant to this statutory authority rules and regulations were promulgated concerning combined reports (20 NYCRR subpart 6-2). These rules and regulations include a requirement that a written request for permission to file a combined report must be made by the taxpayer, and the request must be received by respondent not later than 30 days after the close of the taxable year (20 NYCRR 6-2.4 [a]). "If a combined report is submitted without the Tax Commission's permission * * * the Tax Commission will compute and assess the tax of each taxpayer filing without permission on a separate basis" (20 NYCRR 6-2.4 [c]). Petitioner failed to obtain the necessary permission to submit the combined reports and, therefore, petitioner's tax was computed on an individual rather than a combined basis, resulting in notices of deficiency for all three years. Petitioner's request for retroactive permission to file combined reports for the years at issue was denied and this proceeding ensued.

Petitioner argues that retroactive permission should have been granted since it had shown reasonable cause for its failure to request permission within the prescribed time limit. Respondent rejected this argument, concluding that the reasonable cause provision of the rules and regulations (20 NYCRR 9-1.5) applies only where taxpayers fail to file reports and pay taxes, not to the failure to timely request permission to file combined reports. We see nothing irrational in this conclusion (see, 20 NYCRR 9-1.1, 9-1.2, 9-1.3). Respondent noted that the failure to timely request permission would be excused only in the case of unusual or extraordinary circumstances, but it found that petitioner's reliance upon its accountant and the accountant's illness did not constitute such extraordinary circumstances. Again, we see nothing irrational in this conclusion. Next, Federal case law interpreting a different statute and a different set of circumstances is plainly inapplicable. Petitioner's reliance upon *Matter of Sapolin Paints v Tully* (55 AD2d 759) is also misplaced, for respondent's determination in that case was not based upon the taxpayer's failure to timely request permission to file combined reports. The remainder of petitioner's arguments are equally unavailing.* Respondent's determination is based upon its interpretation and application of the relevant statutes, rules and regulations, and since the determination is not irrational, it cannot be disturbed (see, *Greenwich Mills Co. v State Tax Commn.*, 120 AD2d 98).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* Petitioner claims in its reply brief that 20 NYCRR 6-2.4 is invalid on its face, but this claim was not raised at the administrative level and, therefore, will not be considered here.