John Hancock Mutual Life Insurance Company of Boston, Massachusetts, Appellant, *v.* Louis H. Pink, as Superintendent of Insurance of the State of New York, Respondent.

Argued December 9, 1937; decided January 11, 1938.

*Frederick C. Tanner, Byron K. Elliott* and *William B. Moore* for appellant. Equalization of the total tax burden for the privilege of carrying on business, as between New York companies doing business in Massachusetts and Massachusetts companies doing business in New York, is the manifest purpose and object of section 33 of the Insurance Law (Cons. Laws, ch. 28). (*People v. Fire Association*, 92 N. Y. 311; *State ex rel. New England Mut. Life Ins. Co.* v. *Reinmund*, 13 N. E. Rep. 30; *State ex rel. Attorney-General* v. *Fidelity & Casualty Ins. Co.*, 31 N. E. Rep. 658; *State ex rel. Crittenberger* v. *Continental Ins. Co.*, 116 N. E. Rep. 929; *Pacific Mut. Life Ins. Co.* v. *State*, 296 Pac. Rep. 813; *Bankers Life Co.* v. *Richardson*, 218 Pac. Rep. 586; *Life & Casualty Ins. Co.* v. *Coleman*, 25 S. W. Rep. [2d] 748; *Metropolitan Life Ins. Co.* v. *Boys*, 129 N. E. Rep. 724; *State* v. *American Ins. Co.*, 137 N. E. Rep. 338; *Cochrane* v. *Bankers Life Co.*, 30 Fed. Rep. [2d] 918.) Equalization of the total tax burden requires that credit should be given to the plaintiff in fixing the amount of the retaliatory tax for the amount of excise taxes on premiums paid by the plaintiff to the city of New York. (*New York Steam Corp.* v. *City of New York*, 268 N. Y. 137; *Garfield* v. *New York Tel. Co.*, 268 N. Y. 549; *Matter of Osborne* v. *Cohen*, 272 N. Y. 55; *Matter of Atlas Television Co.*, 273 N. Y. 51; *Life & Casualty Ins. Co.* v. *Coleman*, 25 S. W. Rep. [2d] 748; *Pacific Mut. Life Ins. Co.* v. *State*, 296 Pac. Rep. 813.) If municipal taxes are deductible from the retaliatory tax credit should be given not only for the excise tax on premiums paid by the plaintiff to the city of New York in 1934 but also for similar taxes paid in 1935. (*People v. Albany Ins. Co.*, 92 N. Y. 458; *People ex rel. Connecticut Mut. Life Ins. Co.* v. *Kelsey*, 116 App. Div. 97; 188 N. Y. 541; *People ex rel. N. Y. Rapid Transit Corp.* v. *Loughman*, 226 App. Div. 149; *Cochrane* v. *Bankers Life Co.*, 30 Fed. Rep. [2d] 918.)

*John J. Bennett, Jr., Attorney-General* (*Leonard M. Gardner* and *Henry Epstein* of counsel), for respondent. The Superintendent of Insurance has correctly calculated the retaliatory tax due from the appellant under section 33 of the Insurance Law. Taxes paid to the city of New York for the privilege of doing business during the year 1935 can in no event be allowed as a credit against the 1934 retaliatory tax. (*People* v. *Metropolitan Surety Co.*, 158 App. Div. 647.)

O'BRIEN, J. Section 33 of the Insurance Law (Cons. Laws, ch. 28) provides in substance that if, by the laws of any State, an insurance corporation of this State shall be required to make payment for taxes greater than are imposed upon similar corporations of such other State *by the laws of this State*, all similar insurance corporations of that State shall be required to pay to the Superintendent of Insurance of this State for taxes an amount equal to the amount of such charges and payments imposed by that State upon a New York insurance corporation.

Plaintiff is a Massachusetts corporation. Pursuant to section 20 of chapter 63 of the General Laws of Massachusetts, an excise tax of $418,136.09 would have been levied upon a New York corporation doing a similar business in that State. For the privilege of exercising its corporate franchise within this State during the year 1934, plaintiff paid to the State Tax Commission, pursuant to section 187 of the Tax Law (Cons. Laws, ch. 60), the sum of $300,287. It also paid to the Comptroller of the City of New York for the year 1934 the sum of $8,850.53. For the year 1935 it paid to the Comptroller of the City of New York $18,170.76.

The Superintendent of Insurance of this State having levied upon the plaintiff a tax in the amount of $117,849.09 as the difference between the $300,287 paid to the Tax Commission of this State pursuant to section 187 of the Tax Law and the $418,136.09, the amount payable by

a similar New York insurance corporation to the State of Massachusetts, plaintiff seeks to deduct from the $117,849.09 such sums as have been paid to the Comptroller of the City of New York.

If the amount of $27,021.29, consisting of $8,850.53 and $18,170.76 paid to the Comptroller of the City of New York pursuant to Local Law No. 9 and Local Law No. 18 of the City of New York (Local Laws, 1934, pp. 108, 129), constitute taxes for the year 1934 required or imposed by the " laws of this State," then this sum must be added to the $300,287 paid pursuant to section 187 of the Tax Law and should be deducted from the retaliatory tax of $117,849.09.

The question is whether the taxes paid under the local laws are taxes required or imposed for the year 1934 by the " laws of this State." Since the sum of $18,170.76 paid by plaintiff pursuant to Local Law No. 18 of the year 1934 was paid for the privilege of conducting its business during the year 1935, this amount cannot be considered in relation to the tax imposed for the year 1934. However, the ultimate issue of law is whether the sum of $8,858.53 paid by plaintiff pursuant to Local Law No. 9 of the year 1934 as an excise tax for the privilege of conducting its business within the city of New York are taxes required or imposed by the " laws of this State." Local Law No. 9 was adopted by virtue of the authority delegated by the enabling act, chapter 302 of the Laws of 1934.

Chapter 302 of the Laws of 1934, which became a law April 25, 1934, is entitled " An act to enable, temporarily, any city of the state having a population of one million inhabitants or more to adopt and amend local laws, imposing in any such city any tax and/or taxes which the legislature has or would have power and authority to impose and to limit the application of such local laws," and it empowers any city having a population of one million inhabitants to adopt local laws imposing in any such city any tax which the legislature has or would

have the power to impose and to make provision for the collection thereof. It also directs that a tax imposed hereunder shall have application only within the territorial limits of such city and shall be in addition to any and all other taxes. Revenues resulting from " the imposition of taxes authorized by this act " (§ 2) shall be paid into and credited to the general fund of the city.

Local Law No. 9 of the year 1934 became a law May 22, 1934, and provides by section 2: " Imposition of tax. (a) For the privilege of carrying on or exercising for gain or profit within the city of New York any trade, business profession, vocation, or commercial activity other than a financial business, during the balance of the calendar year nineteen hundred thirty-four, every person shall pay an excise tax." Chapter 873 of the Laws of 1934, which became a law August 18, 1934, has the same title as chapter 302 except that the phrase " to relieve the people of any such city from the hardships and suffering caused by unemployment " is added after the words " which the legislature has or would have power and authority to impose." Local Law No. 18 of the year 1934 is entitled " A local law to raise revenue for the purpose of relieving the people of the city of New York from the hardships and suffering caused by unemployment, by the imposition of a tax upon the privilege of carrying on or exercising within the city of New York, any trade, business, profession, vocation, commercial activity or financial business carried on for gain or profit and making provision for the collection thereof." Section 12 of this local law provides that all revenues resulting from the taxes imposed by this local law shall not be credited to the general fund but shall be deposited in a separate account and " shall be available and used solely and exclusively for the purpose of relieving the people of the city of New York from the hardships and suffering caused by unemployment."

If these taxes have been imposed, even indirectly, by virtue of the enactment of chapter 302 of the Laws of

1934, or of chapter 873 of the Laws of 1934, then they have been imposed by the laws of this State and plaintiff is entitled to credit for the amount paid for the year 1934 through the operation of the local laws adopted in pursuance of the enabling acts.

The purpose of the enabling acts, chapter 302 of the Laws of 1934 and chapter 873 of the Laws of 1934, is the same as that incorporated in chapter 815 of the Laws of 1933 which was the subject of decision by this court in *New York Steam Corp.* v. *City of New York* (268 N. Y. 137). It was by virtue of these enabling acts that the local laws were adopted, and the source of the imposition of these taxes is not to be found in the local laws themselves. The enabling acts were passed by the Legislature for a State purpose, public health and welfare. Both opinions in the *New York Steam Corp.* case emphasize this fact and that the city acted merely as an agent of the State, and the concurring opinion stresses the proposition that the Legislature did not delegate its taxing powers to the extent of abdicating its constitutional function. The conclusion follows that plaintiff, in paying the tax of $8,850.53 for the year 1934, paid a tax which was imposed by the laws of this State within the meaning of section 33 of the Insurance Law. This amount was paid in addition to the $300,287 which was paid pursuant to section 187 of the Tax Law.

The judgment of the Appellate Division should be modified by crediting to plaintiff the sum of $8,850.53 and, as so modified, affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.