OPINION OF THE COURT
Smith, J.
The issue presented by this appeal is whether a foreign insurer doing business in the State of New York may lawfully claim amounts paid pursuant to the New York City commercial rent or occupancy tax (hereinafter "commercial rent tax”) (Administrative Code of City of NY § 11-701 et seq.) as a credit toward the retaliatory tax imposed by Insurance Law § 1112. *52 Resolution of this issue requires us to determine whether the commercial rent tax falls within the purview of Insurance Law § 1112 as a tax "for the privilege of doing business.” For the reasons set forth below, we conclude that the interpretation of this section by the Superintendent of Insurance as limiting credits in a retaliatory tax computation to taxes paid specifically for the purpose of doing an insurance business is reasonable and that the commercial rent tax at issue is not such a tax.
Petitioners are foreign insurance companies subject to the retaliatory provisions of Insurance Law § 1112.[1] At various times during the tax periods in question, each conducted business from leased premises in New York City. Petitioners paid the commercial rent tax and sought a credit for those payments against the retaliatory tax imposed under the Insurance Law. Respondents denied the credit, concluding (1) that the commercial rent tax "is not a tax for the privilege of doing business”; (2) that section 1112 "by implication require[s] that in order for there to be a credit in the retaliatory tax computation, the tax imposed must be specifically imposed on an insurer for the purpose of doing an insurance business”; and (3) that "[njothing in section 11-701 of the New York City Administrative Code refers to insurers or the business of insurance” (Findings of Fact, Conclusion and Decision, dated Oct. 30, 1989 [emphasis supplied]).
Petitioners commenced this CPLR article 78 proceeding to annul respondents’ determination, contending that the commercial rent tax was for the privilege of doing business and, *53 therefore, within the purview of section 1112. Supreme Court held that respondents’ statutory interpretation was reasonable and, accordingly, dismissed the petition. The Appellate Division affirmed on that ground and noted that it was "persuaded” that this commercial rent tax was not "imposed 'for the privilege of doing business’ ” within the meaning of Insurance Law § 1112 (182 AD2d 526). Leave to appeal was granted by order of this Court (80 NY2d 755).
Insurance Law § 1112 (a) (1) authorizes the retaliatory taxation of foreign insurers doing business in this State if their domiciliary State imposes onerous taxes, deposits, fees, etc., upon New York State insurers doing business there. The purely retaliatory purpose of section 1112 (a) (1) is made clear by subdivision (d) which exempts foreign insurers from retaliatory taxes so long as there is no similar taxation of New York insurers in the other State.[2]
The constitutionality of the retaliatory tax was established in People v Fire Assn. (92 NY 311, affd sub nom. Philadelphia Fire Assn. v New York, 119 US 110). In Western & S. Life Ins. Co. v Board of Equalization (451 US 648), the United States Supreme Court upheld the constitutionality of the California retaliatory tax, which is similar to the New York tax, and stated that the purpose of such taxes was "to promote the interstate business of domestic insurers by deterring other States from enacting discriminatory or excessive taxes” (451 US, at 668) and "not to generate revenue at the expense of out-of-state insurers” (451 US, at 669).
Taxes imposed specifically upon insurance corporations are also set forth in article 33 of the Tax Law. Section 1511 (b) of the Tax Law authorizes a credit for taxes paid pursuant to article 33 against the "reciprocal” or retaliatory taxes imposed under the Insurance Law.[3]
Pursuant to Administrative Code § 11-701 (5)[4] and § 11-702 *54 (d),[5] petitioners are subject to a separate and additional tax because they conducted their businesses from premises located within New York City. Imposition of this commercial rent tax is not contingent upon the use of the premises to conduct an insurance business. No reference is made to a retaliatory tax credit in the enabling legislation for the commercial rent tax (see, L 1963, ch 257).
Thus, there is no provision in the Insurance Law, the Tax Law, or the commercial rent law and its enabling statute that expressly designates or allows a credit toward a foreign insurer’s retaliatory tax for the payment of the New York City commercial rent tax.
The retaliatory tax specifically and exclusively applies to foreign insurers. The Tax Law imposes some taxes specifically upon insurers and recognizes that reciprocal credit should be allowed for those specific taxes.[6] Given the purpose of the retaliatory tax to promote interstate commerce by allowing both domestic and foreign insurers to compete on an equal basis and the absence of an express grant of a credit for the commercial rent tax, it would be inconsistent to read section 1112 as including payments made for the privilege of doing any business without regard to the nature of the business, such as the commercial rent tax at issue herein. As such, it is proper to defer to the agency’s interpretative expertise unless that interpretation is unreasonable, irrational or contrary to the clear wording of the statute (Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N. Y., 72 NY2d 753, 761-762). We conclude that there is a rational basis for interpreting Insurance Law § 1112 to limit its application to payments made specifically for the purpose of doing an insurance business. Since the commercial rent tax is generally applied to all businesses for the privilege of doing business in New York City, it is not a tax paid for the privilege of doing insurance business.
Finally, we note here that our decision today does not conflict with our ruling in John Hancock Mut. Life Ins. Co. v *55 Pink (276 NY 421). In that case, the issue was whether an excise tax imposed for the privilege of conducting business within New York City, Local Laws, 1934, No. 9, was a tax imposed by the "laws of this State” (276 NY, at 424). We concluded that the excise tax was imposed by virtue of the State enacted enabling legislation and allowed a reciprocal credit (276 NY, at 426). The issue of whether or not the tax had to be specifically related to the insurance business to be eligible for the credit was not decided.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.

. Insurance Law § 1112 states in pertinent part: "(a) (1) If, by the laws, or the action of any public official, of any other state, any insurer organized or domiciled in this state, or its duly authorized agents, shall be, required to deposit securities in such other state to protect policyholders or for any other purpose, or shall be required to pay taxes, fines, penalties, fees for licenses or certificates of authority or any other sum for the privilege of doing business in such other state, or shall be subjected to any restrictions, obligations, conditions or penalties, imposed for such privilege, and such requirements are greater than those required of similar insurers organized or domiciled in such other state by the laws of this state for the privilege of doing business herein, then all similar insurers organized or domiciled in such other state and their duly authorized agents in this state shall make like deposits for like purposes with the superintendent, and pay him for taxes, fines, penalties, fees for licenses or certificates of authority or for any other requirement for the privilege of doing business in this state, an amount determined in the manner prescribed by such other state, and shall be subjected to such greater requirements imposed by such other state upon similar insurers of this state and their duly authorized agents.”

. Insurance Law § 1112 (d) reads: "The provisions of this section shall not apply to insurance companies organized or domiciled in a state or country whose laws do not impose retaliatory taxes or other charges or which grant, on a reciprocal basis, exemptions therefrom to insurance companies organized or domiciled in this state.”

. Tax Law § 1511 (b) reads in full: "Credit against reciprocal taxes imposed by this state. In assessing taxes under the reciprocal provisions of section one thousand one hundred twelve of the insurance law, credit shall be allowed for any taxes paid under this article.”

. Section 11-701 (5) states in pertinent part: " ’Taxable premises.’ Any premises in the city occupied, used or intended to be occupied or used for *54 the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity”.

. Section 11-702 sets forth the imposition of the tax and subdivision (d) states that "[t]he tax imposed by this chapter shall be in addition to any and all other taxes”.

. Significantly, under section 1505-a of the Tax Law, a temporary metropolitan transportation business tax surcharge is assessed against all insurers and a reciprocal tax credit is expressly disallowed.