OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be reversed, with costs, and the petition dismissed.
 

 Petitioner Siemens Corp. (Siemens), a Delaware corporation with its principal place of business in New York, is a wholly owned subsidiary of Siemens Aktiengesellschaft (Siemens AG.), a German corporation. Siemens acts as a financial conduit between Siemens AG. and its other affiliates throughout the United States, borrowing money in commercial markets and relending it to the Siemens affiliates. After an audit, the Department of Taxation and Finance determined that Siemens had improperly failed to include interest on such loans in its New York receipts factor in 1980, 1981, 1983, 1984, 1985 and 1986, resulting in an under reporting of New York income. The Tax Department accordingly issued notices of deficiency covering those years, which Siemens promptly protested.
 

 After a hearing, the ALJ determined that, contrary to the Department’s argument, the income was not properly allocable to New York as "other business receipts” under Tax Law § 210 (3) (a) (2) (D). The Tax Appeals Tribunal reversed the ALJ, holding that the interest income was properly allocable to New York as income from "services performed within the state” under Tax Law § 210 (3) (a) (2) (B). The Appellate Division granted the petition and annulled the Tribunal’s determination, holding that the Tribunal erred by classifying Siemens’ activities as "services performed within the state,” and agreeing with the ALJ that the interest income did not constitute "other business receipts” under Tax Law § 210 (3) (a) (2) (D).
 

 Under Tax Law article 9-A, New York imposes a franchise tax on New York corporations and foreign corporations doing business in New York. The tax generally is imposed on one of four different bases, the one at issue here being net income allocable to New York (Tax Law § 210 [1] [a] [1]). As part of this allocation process, the taxpayer must determine its receipts factor, which is arrived at by calculating a fraction, the denominator of which is all of the company’s receipts, and the numerator of which is the amount of those receipts allocable to New York (Tax Law § 210 [3] [a] [2]).
 

 
 *1022
 
 Under Tax Law § 210 (3) (a) (2) (D), "business receipts earned” in New York must be included in the numerator of the receipts factor. The Tax Department has long interpreted this section as requiring a corporation to include in its New York receipts factor interest income on loans to the extent that the work done to establish and maintain such loans is done in New York, without regard to the situs of the obligor (see, Opns State Dept of Taxation & Fin No. TSB-A-88 [2] C; No. TSB-A-83 [7] C). As this interpretation is not irrational or contrary to the plain meaning of the statute, it is entitled to deference
 
 (Matter of Industrial Indem. Co. v Cooper,
 
 81 NY2d 50, 54).
 

 We reject petitioner’s contention that this case is controlled by our decision in
 
 Matter of American Tel. & Tel. Co v State Tax Commn.
 
 (61 NY2d 393). That case involved Tax Law § 184, which imposes a special franchise tax on transportation and transmission companies. Section 184 taxes income which has its "source” in New York. Clearly the "source” of interest income is the obligor, and where the obligor is located out of State, the "source” of the income must be deemed to be outside New York.
 

 Section 210, by contrast, is a separate and distinct taxing provision which speaks in terms of where income is "earned” as opposed to its "source.” To the extent that interest income, whatever its source, results from work performed in New York, the income may fairly be characterized as "earned in New York.” Here, the Tax Tribunal made factual findings that all of the activities performed in connection with these loans were performed in New York. These activities included financing, accounting, calculating foreign exchange rates, and general support and stewardship services for affiliates and customers of Siemens AG. Thus, the interest income was earned in New York within the meaning of Tax Law § 210 (3) (a) (2) (D).
 

 Petitioner’s remaining contentions are unpreserved or without merit.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
 

 Judgment reversed, etc.