[830 NYS2d 614]

In the Matter of DISNEY ENTERPRISES, INC., et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Third Department, March 1, 2007

### APPEARANCES OF COUNSEL

*Morrison & Foerster, L.L.P.,* New York City (*Paul H. Frankel* of counsel), and *Walt Disney Company,* Burbank, California, for petitioners.

*Andrew M. Cuomo, Attorney General,* Albany (*Robert M. Goldfarb* of counsel), for respondents.

### OPINION OF THE COURT

LAHTINEN, J.

Petitioner Disney Enterprises, Inc., which maintains its executive offices in California, is an international company and, together with its numerous subsidiaries (hereinafter collectively referred to as petitioner), constitutes a unitary group of related corporations engaged in three segments of the entertainment industry: theme parks and resorts; filmed entertainment; and consumer products. Petitioner files a combined franchise tax return in New York (*see* Tax Law § 211 [4]), and Buena Vista Home Video, Inc. (hereinafter Video), a wholly-owned California subsidiary, is part of the combined group of corporations. Briefly stated, a combined tax return for a unitary group is calculated by "apportioning the total income of that 'unitary business' between the taxing jurisdiction and the rest of the world on the basis of a formula taking into account objective measures of the corporation's activities within and without the jurisdiction" (*Container Corp. of America v Franchise Tax Bd.,* 463 US 159, 165 [1983]) and the New York statutory formula "bases apportionment of income on the averages of New York's proportionate shares of [the entity's] total tangible property, payroll and gross receipts" (*Matter of British Land [Md.] v Tax Appeals Trib. of State of N.Y.,* 85 NY2d 139, 148 [1995]).

The Department of Taxation and Finance conducted an audit and determined that petitioner owed in excess of $1.3 million of additional taxes for the period 1990 to 1995. Petitioner countered by contending that the Department's inclusion of Video's New York sales in the numerator of the receipts factor of the business allocation percentage violated title I of Public Law 86-272 (adding 15 USC §§ 381-384). Following further proceedings and extensive hearings, petitioner's contention was ultimately rejected by respondent Tax Appeals Tribunal. The Tribunal also agreed with the Administrative Law Judge that petitioner's method for valuing petitioner's film library (which was included in the combined property factor of the apportionment formula) was improper since petitioner's appraiser included intangible values, such as copyrights, that are not includable when determining value under Tax Law § 210. This proceeding ensued.

■ Petitioner argues that the business allocation percentage used by the Department and upheld by the Tribunal violated Public Law 86-272, title I, § 101. That statute provides, in pertinent part, as follows:

> "No State . . . shall have [the] power to impose, for any taxable year[,] . . . a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are . . . the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State" (15 USC § 381 [a] [1]).

The standard of review regarding a state tax in which this federal statute is implicated has been described as follows: "Although the judiciary must to some extent defer to an agency's interpretation of the statute which it has the responsibility to administer, the [Tribunal's] interpretation of a [f]ederal statute, not presumptively within its expertise, cannot relieve the courts of the obligation to resolve this pure question of law" (*Matter of Gillette Co. v State Tax Commn.*, 56 AD2d 475, 478 [1977], *affd* 45 NY2d 846 [1978] [citations omitted]). In *Gillette*, we discussed extensively the history of this statute (*id.* at 478-481). Succinctly stated, the federal statute "confers immunity from

state income taxes on any company whose only business activities in that State consist of solicitation of orders for interstate sales" (*Wisconsin Dept. of Revenue v William Wrigley, Jr., Co.*, 505 US 214, 223 [1992] [internal quotation marks omitted]).

The Tribunal tacitly acknowledged in its decision that, if the activities of Video as reflected by the evidence in the record were viewed alone, Video would be a nontaxpayer in New York protected by Public Law 86-272. However, Video is not viewed alone; it is part of a unitary group and, for such a group, combined reporting is required to "avoid distortion of and more realistically portray the true income of closely related businesses" (*Matter of Standard Mfg. Co. v Tax Commn. of State of N.Y.*, 114 AD2d 138, 140 [1986], *affd* 69 NY2d 635 [1986], *appeal dismissed* 481 US 1044 [1987]). Indeed, the record is replete with evidence of the significant synergy that permeates the corporations that are part of this group. The Department's expert testified that he had never studied a unitary group with so many flows of value among its entities and the ability to use those flows to its economic advantage. There is no serious dispute that combined reporting was appropriate for this group and that Video's relationship with other members of the group located in New York (for example, petitioner's retail stores in New York), benefitted and increased Video's New York sales.

By including Video's New York sales receipts in the numerator of the business allocation percentage, the Department is not imposing a tax upon Video. It is attempting to best measure the combined group's taxable in-state activities by use of a formula. New York has jurisdiction to tax the unitary group and, in finding a formula that fairly apportions the group's taxable income, it may look beyond its borders (*see Barclays Bank PLC v Franchise Tax Bd. of Cal.*, 512 US 298, 311 n 9 [1994]; *Shell Oil Co. v Iowa Dept. of Revenue*, 488 US 19, 30-31 [1988]; *Brady v State of New York*, 80 NY2d 596, 603-604 [1992], *cert denied* 509 US 905 [1993]). There was considerable expert proof—including an acknowledgment by petitioner's expert—that the Department's formula better reflects economic reality than the position urged by petitioner.

Economic realities notwithstanding, if the language of Public Law 86-272 foreclosed use of Video's New York sales receipts in this combined group formulation in the manner so utilized by the Department, then the federal statute would control (*see Shell Oil Co. v Iowa Dept. of Revenue, supra* at 25). The statute should not, however, be construed to extend beyond the "rather

limited purposes" for which it was enacted (*Heublein, Inc. v South Carolina Tax Comm'n*, 409 US 275, 279 [1972]). The language of the statute does not compel the result urged by petitioner. It prohibits taxation "if the *only* business activities within such [s]tate by or *on behalf of* such person" are limited to the solicitation of orders for sales (15 USC § 381 [a] [emphasis added]). The activities of the taxpayer members of the unitary business group within New York—which greatly benefitted Video—fall within "on behalf of" language of the statute. The corporate group, viewed in its unitary capacity for tax purposes, is engaged in activities beyond mere solicitation and is not protected by the statute. We are not persuaded that a single member's role should be extracted from the group, analyzed separately and afforded the protection of the statute; a protection that would distort the group's economic activity in New York. Moreover, the method of calculating the group's franchise tax that was accepted by the Tribunal does not offend the purpose for which Public Law 86-272 was adopted (*see generally Matter of Gillette Co. v State Tax Commn., supra*; *see also Wisconsin Dept. of Revenue v William Wrigley, Jr., Co., supra* at 222 n 1 [majority op], 240 [dissenting op]). Accordingly, we are unpersuaded that the Tribunal erred in its interpretation and application of Public Law 86-272 to the facts at hand.

■ Next, we consider petitioner's assertion that its film negatives should have been included in the property factor of the apportionment formula at the fair market value expressed by its expert. Tax Law § 210 (3) (a) (1) permits a taxpayer to "make a one-time, revocable election, pursuant to regulations promulgated by the commissioner to use fair market value as the value of all of its real and tangible personal property." "The term 'tangible personal property' means corporeal personal property, such as machinery, tools, implements, goods, wares and merchandise, and does not mean money, deposits in banks, shares of stock, bonds, notes, credits or evidences of an interest in property and evidences of debt" (Tax Law § 208 [11]). The Department and the Tribunal interpreted these statutes as not permitting intangible assets, such as copyrights, to be included and had issued prior rulings consistent with this position. "As this interpretation is not irrational or contrary to the plain meaning of the statute, it is entitled to deference" (*Matter of Siemens Corp. v Tax Appeals Trib.*, 89 NY2d 1020, 1022 [1997]; *see Matter of General Mills Rest. Group v Chu*, 125 AD2d 762, 763 [1986]). The Tribunal accepted the Administrative Law

Judge's determination that the value placed on the film library by petitioner's expert included a significant component of impermissible intangible assets. This determination is supported by the record, and, accordingly, we find petitioner's assertion unavailing.

Finally, we have considered and found unpersuasive petitioner's constitutional arguments (*see generally Container Corp. of America v Franchise Tax Bd.*, 463 US 159, 164-166 [1983], *supra; Matter of Wurlitzer Co. v State Tax Commn.*, 35 NY2d 100, 104 [1974]).

CARDONA, P.J., MERCURE, CARPINELLO and MUGGLIN, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.