[956 NYS2d 585]

In the Matter of MEREDITH CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents.

Third Department, November 21, 2012

APPEARANCES OF COUNSEL

*Morrison & Foerster, LLP*, New York City (*Hollis L. Hyans* of counsel), for petitioner.

*Eric T. Schneiderman, Attorney General*, Albany (*Robert M. Goldfarb* of counsel), for Commissioner of Taxation and Finance, respondent.

## OPINION OF THE COURT

LAHTINEN, J.

Petitioner is an Iowa corporation engaged in publishing and television broadcasting. It seeks a refund of part of the corporate franchise tax it paid in New York for the tax years ending in June 1998, 1999 and 2000. The portion of its entire net income allocated to New York for taxation was determined by multiplying its net worldwide income by the business allocation percentage (hereinafter BAP) (*see* Tax Law § 210 [3]). During the years in dispute, the BAP was based upon a three-factor formula that included the corporation's property, receipts and payroll (*see* Tax Law § 210 [3] [a]; *see generally Matter of Disney Enters., Inc. v Tax Appeals Trib. of State of N.Y.*, 10 NY3d 392, 395 [2008]).[1] The focal point of the parties' disagreement is the property factor, and whether certain property of petitioner is

---

1. New York adopted a single factor receipts formula in 2007 (*see* L 2007, ch 60, § 1, part B; Tax Law § 210 [3] [a] [10] [A] [ii]), and petitioner states that the treatment of its programming is no longer an issue for purposes of its corporation franchise tax.

tangible personal property (which can be included in the property factor) or intangible property (which is not included) (*see* Tax Law § 210 [3] [a] [1]; *see also* Tax Law § 208 [11]).

Petitioner contends that programming that it purchased for use under licensing agreements for the 12 television stations that it operated should have been considered rental of tangible personal property. Since none of these stations was located in or broadcast into New York, allowing the amount paid for programming would have increased petitioner's worldwide property (part of the denominator in calculating the BAP) while not increasing its New York property (part of the numerator), resulting in the BAP being lower. Hence, a smaller percentage of its worldwide net income would have been allocated to New York and its corporate franchise tax would have been less.

The cost that petitioner paid for the programming was not initially included in its tax returns for the subject years. However, during the course of an audit for these years, petitioner inquired as to whether the amounts paid to various third parties by its television stations for programming should have been included in the BAP as payments to rent tangible property. The Division of Taxation of the Department of Taxation and Finance informed petitioner that its position at that time was that programming delivered on videotape was tangible personal property. However, it purported to distinguish programming delivered via satellite transmission, contending that such programming was not tangible personal property. Consistent with prevailing technology, the vast majority of petitioner's programming had been delivered by satellite during the years in question.

Notwithstanding the Department's videotape/satellite distinction, petitioner timely filed for refunds premised upon increasing its property factor in the BAP to include the cost of the disputed programming. The Department denied petitioner's refund claims, and petitioner filed a petition with the Division of Tax Appeals.[2] While the petition was pending, the Department announced a new policy that programming delivered on videotape or other hardcopy forms would no longer be considered tangible property for taxable years beginning on or after January 1, 2008.

---

**2.** The parties agreed that, if the disputed costs were allowed as part of the BAP, then petitioner would be entitled to refunds of $288,735 for 1998, $290,936 for 1999 and $196,509 for 2000.

Following a hearing before an Administrative Law Judge (hereinafter ALJ), the petition was denied. The ALJ relied largely upon the decision of respondent Tax Appeals Tribunal in *Matter of Disney Enters. Inc.* (2005 WL 3934222, 2005 NY Tax LEXIS 239 [2005, DTA No. 818378], *confirmed Matter of Disney Enters., Inc. v Tax Appeals Trib. of State of N.Y.*, 40 AD3d 49 [2007], *affd* 10 NY3d 392 [2008]). The Tribunal affirmed the ALJ's determination, sustaining the denial of petitioner's refund claims. This proceeding ensued.

We consider first petitioner's argument that, during the time that the proceeding was pending, the Department made a significant change in a longstanding policy upon which petitioner was relying and applied the change retroactively to petitioner. A taxpayer is entitled to rely on a longstanding statutory interpretation by the Department (*see Matter of Howard Johnson Co. v State Tax Commn.*, 65 NY2d 726, 727 [1985]). The Department can change established policy or reassess prior statutory interpretations so long as these changes are applied prospectively to taxpayers (*see Matter of Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Tax Appeals Trib. of State of N.Y.*, 185 AD2d 466, 468 [1992], *lv denied* 80 NY2d 761 [1992]; *see also Matter of National El. Indus. v New York State Tax Commn.*, 49 NY2d 538, 547-548 [1980]). Retroactively applying a changed interpretation upon which a taxpayer was relying is "arbitrary and capricious" (*Matter of Howard Johnson Co. v State Tax Commn.*, 65 NY2d at 727).

The definition of tangible personal property for purposes of the corporate franchise tax is set forth in Tax Law § 208 (11). The statutory definition has not been changed in nearly a century. Technology, however, has advanced dramatically since the statute was adopted giving rise to an abundance of potential issues in discerning what constitutes tangible personal property. It is apparent from this record that the Department has struggled with these issues and, as to the particular issue at dispute regarding the possession and right to use television programming, the Department's position has changed through the years.

It is undisputed that during the years in question, and for many years prior thereto, the Department had taken the position that programming delivered on videotape was tangible personal property. As reflected in a 1991 opinion from its counsel, this position was premised in part upon language from the Court of Appeals in *Matter of United Artists Corp. v Taylor*

(273 NY 334, 341 [1937]). Moreover, two auditors from the Department who were involved in petitioner's case both testified at the hearing that programming received via videotape would be considered tangible personal property that could be included by petitioner in the property factor of the BAP.

Respondent Commissioner of Taxation and Finance contends that, notwithstanding this longstanding policy with regard to videotapes, petitioner cannot avail itself of this policy because the majority of its programming was delivered by satellite and not videotape. This might have some merit if the record contained any rational explanation of the videotape/satellite distinction that was germane to taxation or otherwise revealed that there was any relevant difference in the essential nature of the programming related to the method of delivery. The arbitrary and irrational nature of the videotape/satellite distinction is revealed in the Tribunal's decision. Consistent with the expert testimony at the hearing, the Tribunal held that "[i]t makes no difference to [a station's] business activity whether the programming is delivered by satellite or by tape." Since the BAP is supposed to measure for taxation purposes economic activity (*see Matter of Disney Enters., Inc. v Tax Appeals Trib. of State of N.Y.*, 10 NY3d at 399), a distinction with no relevance or relation to the purpose of the statute is irrational.

The virtually indistinguishable nature of the programming and use thereof regardless of the method of delivery is established by the Tribunal's finding that, "[u]pon receiving programming delivered by satellite, stations store the programs on computer servers, disks or videotape before transmitting the program to the public." This finding is fully in tune with testimony by an employee of petitioner who stated that some programming is still received on videotape and, as to satellite programming, it is stored until used on videotape, computer servers or DVDs. Thus, once a program is received at a station via satellite, it either becomes identical to a mailed videotape (if it is stored on a videotape upon receipt) or essentially identical thereto if it is instead stored on the newer technologies of DVDs or computer servers.

This record establishes that programming on videotape had long been considered by the Department as tangible property for purposes of the property factor, and the Tribunal's own decision reveals that there is no rational distinction for taxation purposes between programming sent to a station on videotape and programming sent via satellite. Thus, in the absence of the

Department's change in interpreting the statute, petitioner would have prevailed since its method of receiving programming was for all relevant tax purposes indistinguishable from a method permitted as part of the property factor. The Tribunal's determination that petitioner's programming was not tangible property was effectively the result of retroactively applying a new interpretation of the statute to petitioner, and its determination must thus be annulled (*see Matter of Howard Johnson Co. v State Tax Commn.*, 65 NY2d at 727).

It is unnecessary to address petitioner's remaining arguments, including its contention that the Department's new statutory interpretation regarding programming is flawed, or that the Department used an overly expansive and incorrect interpretation of the *Matter of Disney Enters.* decisions.

ROSE, J.P., SPAIN, KAVANAGH and McCARTHY, JJ., concur.

Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.