[6 NE3d 1113, 983 NYS2d 757]

In the Matter of JOHN GAIED, Appellant, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents.

Argued January 16, 2014; decided February 18, 2014

### POINTS OF COUNSEL

*Hodgson Russ LLP*, Albany (*Timothy P. Noonan* and *Joshua K. Lawrence* of counsel), for appellant. I. Mr. John Gaied did not maintain a "permanent place of abode" under a proper interpretation of New York's residency statute. (*Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y.*, 83 NY2d 240; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *Matter of SIN, Inc. v Department of Fin. of City of N.Y.*, 71 NY2d 616; *Matter of Evans v Tax Appeals Trib. of State of N.Y.*, 199 AD2d 840; *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653; *Riley v County of Broome*, 95 NY2d 455; *Matter of Yellow Book of N.Y., Inc. v Commissioner of Taxation & Fin.*, 75 AD3d 931; *Matter of Sedacca v Mangano*, 18 NY3d 609; *Ferres v City of New Rochelle*, 68 NY2d 446; *Metropolitan Life Ins. Co. v Durkin*, 276 App Div 394, 301 NY 376.) II. The Third Department did not apply the same test that was employed by the New York State Tax Appeals Tribunal in *Matter of Gaied* (2011 NY Tax LEXIS 136 [NY St Tax Appeals Trib DTA No. 821727, June 16, 2011]). (*Matter of Evans v Tax Appeals Trib. of State of N.Y.*, 199 AD2d 840; *Matter of New York Times Co. v City of N.Y. Commn. on Human Rights*, 41 NY2d 345; *Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227.)

*Eric T. Schneiderman, Attorney General*, Albany (*Robert M. Goldfarb, Barbara D. Underwood* and *Andrew D. Bing* of counsel), for respondents. The New York State Tax Appeals Tribunal's determination that petitioner qualified as a "statutory resident" of New York under Tax Law § 605 (b) (1) (B) is rational and supported by substantial evidence. (*Matter of Siemens Corp. v Tax Appeals Trib.*, 89 NY2d 1020; *Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227; *Matter of Orvis Co. v Tax Appeals Trib. of State of N.Y.*, 86 NY2d 165; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176; *Matter of Tamagni v Tax Appeals Trib. of State of N.Y.*, 91 NY2d 530, 525 US 931; *Matter of Orens v Novello*, 99

NY2d 180; *Matter of El-Tersli v Commissioner of Taxation & Fin.*, 14 AD3d 808; *People ex rel. Mackall v Bates*, 278 App Div 724; *Matter of Smith v State Tax Commn.*, 68 AD2d 993; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222.)

### OPINION OF THE COURT

PIGOTT, J.

On this appeal, we are asked to consider New York's "statutory resident" test (Tax Law § 605 [b] [1] [B]) and, more specifically, the standard to be applied when determining whether a person "maintains a permanent place of abode" in New York. Petitioner John Gaied contends that the question should turn on whether he maintained living arrangements for *himself* to reside at the dwelling. We agree with petitioner and hold that in order for an individual to qualify as a statutory resident, there must be some basis to conclude that the dwelling was utilized as the taxpayer's residence.

During the relevant time period, petitioner was domiciled in New Jersey. He owned an automotive service and repair business on Staten Island, New York and commuted daily to work, a distance of about 28 miles.

In November 1999, he purchased a multifamily apartment building on Staten Island, located in the same neighborhood as his business. Petitioner testified that his motivation for acquiring the building was two-fold: as a place for his elderly parents to live and as an investment property.

Starting in 1999, petitioner's parents lived in a first-floor apartment and relied on petitioner for their support. Petitioner claimed them as dependents on his federal, New Jersey, and New York tax returns. He paid the electric and gas bills for the apartment, and maintained a telephone number for the apartment in his name. However, he insists that he never lived at the apartment and did not keep any clothing or other personal effects there; nor did he have sleeping accommodations at the apartment. While he had keys to the apartment, he contends that he did not have unfettered access. He stayed at the apartment only on occasion, doing so at his parents' request to attend to their medical needs. On those occasions, he would sleep on a couch.

Petitioner leased the other two apartments in the building to tenants. During the years in question, 2001 through 2003, he

filed a federal Schedule E, which reported income and expenses from rental real estate associated with the property. He did not, however, produce records to substantiate the rental income or expenses reported. New York City voter registration records indicate that petitioner voted in general elections in New York in 2000.

In December 2003, petitioner sold his New Jersey residence in order to satisfy a large 2002 federal tax obligation. He placed his belongings in storage and stayed with an uncle in New Jersey while renovating the boiler room at the Staten Island property to make an additional apartment, where he began residing in 2004, after the tax years at issue.

For each of the tax years in question, petitioner filed nonresident income tax returns in New York. After an audit, the Department of Taxation and Finance issued a Notice of Deficiency indicating that he owed an additional $253,062 in New York State and City income taxes, plus interest. The Department determined that he was a "statutory resident" of New York within the meaning of Tax Law § 605 (b) (1) (B) because he spent over 183 days in New York City and maintained a "permanent place of abode" at the Staten Island property during those years.

Petitioner sought a redetermination of the deficiency, conceding that he was in New York City more than 183 days during each year at issue but challenging the determination that he maintained a "permanent place of abode" at the Staten Island property. After a hearing, an Administrative Law Judge (ALJ) issued a determination sustaining the Notice (2009 WL 2491342, 2009 NY Tax LEXIS 86 [NY St Div of Tax Appeals DTA No. 821721, Aug. 6, 2009]) and thereafter, petitioner filed an exception.

The Tax Appeals Tribunal initially reversed the ALJ's determination on the ground that petitioner did "not have living quarters at his parents' apartment" and, therefore, he did not maintain a permanent place of abode (2010 WL 2801871, *8, 2010 NY Tax LEXIS 117, *23, available at http://www. dta.ny.gov/pdf/archive/Decisions/821727.dec.pdf at 14 [NY St Tax Appeals Trib DTA No. 821727, July 8, 2010]).

The Department moved for reargument, contending that the Tribunal's decision failed to take into account precedent that, in order to qualify as a statutory resident under the Tax Law, a

taxpayer need not actually dwell in the permanent place of abode, but need only maintain it. Petitioner opposed the motion.

On reargument, the Tribunal, with one member dissenting, granted the Department's motion, affirmed the ALJ's decision and sustained the deficiency (NY St Tax Appeals Trib DTA No. 821727, June 16, 2011, available at http://www.dta.ny.gov/pdf/ archive/Decisions/821727.2.dec.pdf). The Tribunal stated that its initial decision was "an improper departure from the language of the statute, regulations, and controlling precedent" and concluded that "where a taxpayer has a property right to the subject premises, it is neither necessary nor appropriate to look beyond the physical aspects of the dwelling place to inquire into the taxpayer's subjective use of the premises" (*id.* at 15-16). The Tribunal rejected petitioner's argument that the premises must be maintained for his personal use, finding that there is "no requirement that the petitioner actually dwell in the abode, but simply that he maintain it" (*id.* at 19). The Tribunal further found that petitioner had not established that the property was maintained exclusively for his parents' use. It found that petitioner stayed overnight on occasion to care for his father, listed the address under his name for the utility and telephone bills, listed the address as his on the other apartment leases, and had unfettered access to the apartment (rejecting, as did the ALJ, petitioner's testimony that he did not have unfettered access).

The dissent would have affirmed the Tribunal's original decision in petitioner's favor. He noted that the Tribunal construed the statute in its original decision "in a practical manner, generally referring to an individual doing whatever is necessary to continue one's living arrangements in a particular dwelling place" (*id.* at 20).

Petitioner brought this CPLR article 78 proceeding challenging the Tribunal's second determination. The Appellate Division, with two Justices dissenting, confirmed the determination, recognizing that although a "contrary conclusion would have been reasonable based upon the evidence presented," it was nevertheless "constrained to confirm, since [the court's] review is limited and the Tribunal's determination [was] amply supported by the record" (101 AD3d 1492, 1494 [3d Dept 2012]).

The dissent focused on the legislative intent of the statutory residence rules and noted that the paramount inquiry in determining whether a taxpayer is maintaining a permanent

place of abode in New York should be whether a taxpayer maintains "living arrangements" in a particular dwelling place (*id*. at 1495). Applying this analysis, the dissent would have found that petitioner did not live in the dwelling or have any personal residential interest there, and the Tribunal's decision to hold him as a resident was "irrational and unreasonable" (*id*. at 1496).

Petitioner appealed from the Appellate Division's order, pursuant to CPLR 5601 (a).

Tax Law § 601 and Administrative Code of the City of New York § 11-1701 impose, respectively, New York State and New York City personal income tax on state and city "resident individuals." An individual may be taxed as a "resident" in one of two ways, the first one being the obvious: that he or she is domiciled in New York, i.e. the taxpayer's permanent and primary home is located in New York (*see* Tax Law § 605 [b] [1] [A]).

The alternative test is found in Tax Law § 605 (b) (1) (B), which taxes a "statutory resident" or someone "who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than [183] days of the taxable year in this state."

It is the second test that is at issue here. Petitioner concedes that he was in New York City more than 183 days during each of the years at issue. Thus, whether petitioner is a statutory resident depends on whether he maintained a permanent place of abode in New York.

In *Matter of Tamagni v Tax Appeals Trib. of State of N.Y.* (91 NY2d 530 [1998]), this Court examined the legislative history of the tax statute, and noted that there had been "several cases of multimillionaires who actually maintain homes in New York and spend ten months of every year in those homes . . . but . . . claim to be nonresidents" (91 NY2d at 535, quoting Mem of Income Tax Bureau, Bill Jacket, L 1922, ch 425). We explained that the statutory residence provision fulfils the significant function of taxing individuals who are "really and [for] all intents and purposes . . . residents of the state" but "have maintained a voting residence elsewhere and insist on paying taxes to us as nonresidents" (*id*.). "In short, the statute is intended to discourage tax evasion by New York residents" (91 NY2d at 535).

The Tax Law does not define "permanent place of abode," but the regulations define it as "a dwelling place of a permanent nature maintained by the taxpayer, whether or not owned

by such taxpayer, [which] will generally include a dwelling place owned or leased by such taxpayer's spouse" (20 NYCRR 105.20 [e] [1]). The regulations further provide that, by way of example, "a mere camp or cottage, which is suitable and used only for vacations, is not a permanent place of abode" (*id.*).

The Tax Tribunal has interpreted "maintains a permanent place of abode" to mean that a taxpayer need not "reside" in the dwelling, but only maintain it, to qualify as a "statutory resident" under Tax Law § 605 (b) (1) (B). Our review is limited to whether that interpretation comports with the meaning and intent of the statutes involved (*Matter of Siemens Corp. v Tax Appeals Trib.*, 89 NY2d 1020, 1022 [1997]). We conclude there is no rational basis for that interpretation. Notably, nowhere in the statute does it provide anything other than the "permanent place of abode" must relate to the taxpayer. The legislative history of the statute, to prevent tax evasion by New York *residents*, as well as the regulations, supports the view that in order for a taxpayer to have maintained a permanent place of abode in New York, the taxpayer must, himself, have a residential interest in the property.

Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the matter remitted to that court with directions to remand to respondent New York State Tax Appeals Tribunal for further proceedings in accordance with this opinion.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, RIVERA and ABDUS-SALAAM concur.

Judgment reversed, with costs, and matter remitted to the Appellate Division, Third Department, with directions to remand to respondent New York State Tax Appeals Tribunal for further proceedings in accordance with the opinion herein.