Matter of Obus v New York State Tax Appeals Trib. (2022 NY Slip Op 04206)

Matter of Obus v New York State Tax Appeals Trib.

2022 NY Slip Op 04206

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

533310
[*1]In the Matter of Nelson Obus et al., Petitioners,
v
New York State Tax Appeals Tribunal et al., Respondents.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Greenberg Traurig, LLP, New York City (Glenn Newman of counsel), for petitioners.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for Commissioner of Taxation and Finance, respondent.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a notice of deficiency of personal income tax imposed under Tax Law article 22.
In April 2016, after an audit, a notice of deficiency was issued to petitioners from the Department of Taxation and Finance (hereinafter the Department) stating that they owed additional income taxes, plus interest and penalties, for the 2012 and 2013 tax years. It is undisputed that petitioners were domiciled in New Jersey but owned a vacation home in the Village of Northville, Fulton County (hereinafter the Northville home) and petitioner Nelson Obus commuted from New Jersey to New York City for work. It was determined that the Northville home was a permanent place of abode and, since petitioners had spent in excess of 183 days in New York during each of the years at issue, they were statutory residents of New York for those tax years (see Tax Law § 605 [b] [1] [B]). Petitioners sought review with the Division of Tax Appeals and, after a hearing, an Administrative Law Judge denied the petition and sustained the notice of deficiency. This determination was upheld by respondent Tax Appeals Tribunal. Petitioner commenced this CPLR article 78 proceeding to review the Tribunal's determination.
"[S]o long as an agency's determination has a rational basis and is supported by substantial evidence in the record, it will not be disturbed on review" (Matter of Ruderman v Tax Appeals Trib. of the State of N.Y., 170 AD3d 1442, 1443 [2019]; see Matter of Spiezio v Commissioner of Taxation & Fin. of the State of N.Y., 165 AD3d 1502, 1503 [2018]). As relevant here, "[a] nondomiciliary may be considered a New York resident for income tax purposes if he or she maintains a permanent place of abode in this state and spends in excess of 183 days of the year here" (Matter of Zanetti v New York State Tax Appeals Trib., 128 AD3d 1131, 1131-1132 [2015], appeal dismissed 25 NY3d 1189 [2015]; see Tax Law § 605 [b] [1] [B]). Because petitioners concede that they spent more than 183 days in New York during the tax years at issue,[FN1] their argument distills to whether the Tribunal rationally determined that the Northville home constituted a permanent place of abode. The Tribunal reached this determination because "petitioners had the right to reside in and maintained living arrangements at [the] Northville home and exercised that right, albeit sparingly, during the years at issue." Thus, we must determine whether the Tribunal's interpretation of "permanent place of abode" as set forth in Tax Law § 605 (b) (1) (B) "comports with the meaning and intent of the statutes involved" (Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d 592, 598 [2014]).
"Interpretation given a statute by the agency charged with its enforcement is, as a general matter, given great weight and judicial deference, so long as the interpretation [*2]is neither irrational, unreasonable nor inconsistent with the governing statute" (Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539, 545 [1984]; see Matter of Carmel Academy v New York State Educ. Dept., 169 AD3d 1287, 1288 [2019], lv denied 35 NY3d 901 [2020]). "Ultimately, however, legal interpretation is the court's responsibility; where the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretation is therefore to be accorded much less weight" (Matter of Carmel Academy v New York State Educ. Dept., 169 AD3d at 1288 [internal quotation marks, citations and brackets omitted]).
The Court of Appeals has explained that the legislative intent underlying Tax Law § 605 is to discourage tax evasion by residents of this state (see Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d at 597; Matter of Tamagni v Tax Appeals Trib. of State of N.Y., 91 NY2d 530, 535 [1998], cert denied 525 US 931 [1998]). Essentially, this statute "fulfils the significant function of taxing individuals who are really and for all intents and purposes residents of the state but have maintained a voting residence elsewhere and insist on paying taxes to [New York] as nonresidents" (Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d at 597 [internal quotation marks, brackets, ellipsis and citation omitted]). Although the Tax Law does not define "permanent place of abode," the Department's regulations define it as "a dwelling place of a permanent nature maintained by the taxpayer . . . . However, a mere camp or cottage, which is suitable and used only for vacations, is not a permanent place of abode" (20 NYCRR 105.20 [e] [1]; see Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d at 597-598). Significantly, there must be a showing that the taxpayer has a residential interest in the property, which is a fact-intensive inquiry (see Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d at 598). The taxpayer must have utilized the dwelling as his or her residence; maintaining a dwelling that could be a permanent place of abode is not enough to establish status as a statutory resident (see id.).
As the Department's Commissioner has stated in an advisory opinion, "[i]n order to qualify as a permanent place of abode, there must be some basis to conclude that the dwelling is utilized as the taxpayer's residence" (NY St Dept of Taxation & Fin Advisory Op No. TSB-A-18[3]I, *2 [emphasis added], citing Matter of Gaied v Tax Appeals Trib., 22 NY3d at 594). To properly determine the taxpayers' residential interest, it is imperative to consider a variety of factors, including the nature and duration of the use (see Matter of Evans v Tax Appeals Trib. of State of N.Y., 199 AD2d 840, 842 [1993]; NY St Dept of Taxation & Fin Advisory Op No. TSB-A-18[3]I), which inherently involves [*3]a subjective analysis of the taxpayers' use. There is no dispute that the Northville Home is a vacation home. It is a five-bedroom, three-bathroom home, with year-round climate control. It is furnished and petitioners maintain and pay for utility service year round. Because of this, it is fair to say that the Northville home is not a "mere camp or cottage," inasmuch as it is undoubtedly suitable for year-round living (see 20 NYCRR 105.20 [e] [1]). However, the fact that it is not a "mere camp or cottage" does not mean that the Northville home necessarily constitutes a permanent place of abode, because the reference to a "mere camp or cottage" is just one example of circumstances where a dwelling will not constitute a permanent place of abode (see 20 NYCRR 105.20 [e] [1]). Thus, it was unreasonable for the Tribunal to focus solely on the Northville home's objective characteristics (see Matter of Carmel Academy v New York State Educ. Dept., 169 AD3d at 1288).[FN2]
Certainly, there are objective facts that tend to support the determination of the Tribunal, including that petitioners had "free and continuous access" to the Northville home (Matter of Evans v Tax Appeals Trib. of State of N.Y., 199 AD2d at 842; compare Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d at 594). That said, petitioners fall outside of the purview of the target class of taxpayers who were intended to qualify as statutory residents (see Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d at 597). It is not disputed that, at most, petitioners utilized the Northville home for three weeks during each tax year for either skiing or to visit the racetrack in the City of Saratoga Springs, Saratoga County.[FN3] The Northville home was not used for access to Obus' job in New York City and was not suitable for such purposes, given that it is over a four-hour drive each way (compare Matter of Evans v Tax Appeals Trib. of State of N.Y., 199 AD2d at 842). In fact, a year-round tenant occupies an attached apartment, who Obus informs of his presence prior to his arrival. Moreover, petitioners do not keep personal effects in the Northville home, instead bringing with them what they will need for their visits. Based on these undisputed facts, petitioners have not utilized the dwelling in a manner which demonstrates that they had a residential interest in the property (see Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d at 598). Thus, even though the Northville home could have been used in a manner such that it could constitute a permanent place of abode within the meaning of Tax Law § 605, because petitioners did not use it in this manner, it does not constitute a permanent place of abode (see id.), and a contrary finding by the Tribunal is inconsistent with the legislative intent underlying the statute (see id. at 597). As such, it was inappropriate for the Tribunal to deem petitioners statutory residents of this state (see Tax Law § 605; Matter of Gaied [*4]v New York State Tax Appeals Trib., 22 NY3d at 597-598). Given the foregoing, the Tribunal's decision did not have a rational basis and must be annulled. In light of this determination, we need not reach petitioners' remaining arguments.
Clark, J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is annulled, with costs, and petition granted.

Footnotes

Footnote 1: Due to his employment in New York City, Obus spent more than 183 days in the state during the relevant years. This is in stark contrast to the three weeks, at most, spent at the Northville home.

Footnote 2: To the extent that 20 NYCRR 105.20 (e) (1) could be read to support otherwise, such an interpretation would run afoul of the requirement that there be a residential interest in the property (see Matter of Gaied v New York State Tax Appeals Trib., 22 NY3d at 598) and the legislative intent underlying Tax Law § 605 (see Matter of Carmel Academy v New York State Educ. Dept., 169 AD3d at 1288).
Footnote 3: The record reflects that petitioner Eve Coulson only used the Northville home twice since its purchase in 2011.